Dick **FOWLER**, Plaintiff In Error,

v.

Mrs. Robert **ZIMMERMAN**, Mrs. Mildred Jones and K. C. Zimmerman, Defendants in Error.

No. 40139.

Supreme Court of Oklahoma.

July 2, 1963.

William L. Brodersen, Chickasha, Foliart, Shepherd & McPherren, Oklahoma City, for plaintiff in error.

Barney & Pain, Anadarko, for defendants in error.

DAVISON, Justice.

This is an appeal by Dick Fowler (defendant below) from an order granting the application of Mrs. Robert Zimmerman et al. (plaintiffs below) for an order nunc pro tunc correcting a journal entry of judgment. The parties will be referred to as they appeared in the lower court.

The record reflects that defendant was a tenant of plaintiffs under a lease for years covering certain farm lands in Grady County, Oklahoma. Plaintiffs filed suit in Justice of the Peace Court for possession of the lands, complaining that defendant had unlawfully remained in possession after expiration of the lease on December 31, 1959. Defendant contended on some ground, not pertinent to this appeal, that his possession was lawful. Upon trial a judgment was rendered on August 31, 1960, for plaintiffs for possession, and defendant filed supersedeas bond and appealed to the district court. On December 1, 1960, the defendant mailed notice to plaintiffs that he would vacate the lands on January 1, 1961. A copy of this notice was also mailed to L. A. Wood, Judge of the District Court. At the request of Judge Wood the attorneys for the parties appeared before him on December 5, 1960. After discussion and statements by the attorneys, but without formal trial or introduction of evidence on the merits of the action, the judge dictated to the court reporter a stipulation and a judgment.

The stipulation, after reciting the appearance of the attorneys, stated:

"Comes now the attorney for the plaintiffs and attorney for the defendant and stipulate that a judgment for the possession of the within described premises involved in this case may be entered, giving the plaintiff the right of possession of said premises as of January 1, 1961, and that no writ of assistance nor other legal process shall be issued before that date to restore the plaintiffs to possession.

"It is further stipulated and agreed by and between the parties hereto that this agreed judgment is in no way to limit or affect or to determine the rights of plaintiff or the defendant to file a separate action for damages

arising out of this case, and it does not limit the right of either party to recover against the other."

The judgment (journal entry) was later transcribed and, after reciting appearances of the attorneys, states:

"* * * and a stipulation having been entered into by and between the parties hereto, and evidence having been presented to the Court, and on consideration thereof the Court finds that the plaintiffs are entitled to possession of the premises involved in this action as of January 1st, 1961, and that no writ of assistance or other legal process shall issue prior to said date.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT that plaintiffs have judgment for possession of the premises involved in this action as of January 1st, 1961, as per stipulation, and that said writ of assistance not issue prior to the first day of January, 1961, as so stipulated.

"Done in open Court this 5th day of December, 1960."

On March 5, 1962, the plaintiffs filed application for an order nunc pro tunc to correct the judgment to show that the judgment of the Justice of the Peace Court was affirmed but no writ of assistance should issue until after January 1, 1961. Notice of hearing the application was given to defendant and the surety on his appeal bond. Judge Wood disqualified himself. The application was heard by Judge Luther B. Eubanks on March 28, 1962, and the application for order nunc pro tunc was granted. In the corrected journal entry of judgment, entered as of December 5, 1960, it was recited that the court heard the "cause upon statements of counsel" and found "the plaintiffs are entitled to the immediate possession" of the property, and further states:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the plaintiff have the possession of the above described real estate, and that the defendant was in lawful possession of said described real estate for the year 1959, but that he held over without authority for the year 1960, and that his holding over was wrongful and that plaintiffs have possession of said described real estate provided, however, by stipulation of the parties, no execution or writ of restitution shall issue until after January 1, 1961."

Defendant contends that the judgment entered by order nunc pro tunc is a different judgment from that actually previously pronounced and that there is no evidentiary basis to sustain a journal entry contrary to the original judgment "as per stipulation."

The evidence at the nunc pro tunc hearing consisted of the above related circumstances occurring prior to the hearing or proceeding on December 5, 1960, and the above described stipulation and journal entry made at that time, and the testimony of the defendant, his attorney and Judge Wood.

Judge Wood testified relative to the disposition of the pending suit on December 5, 1960, "I think the matter was finally terminated by an agreed judgment;" that the attorneys had been before the court several times (relative to motions concerning the appeal bond) and upon receiving defendant's notice of termination of tenancy called the attorneys in an effort to accelerate the matter and "I don't remember the exact date, but we did enter an agreed judgment;" that it was his intention to render a judgment for plaintiff for possession and affirm the judgment of the Justice of the Peace Court, such intention also being reflected in a letter he wrote to the local agricultural program office on January 16, 1961, and to delay enforcement of right to possession until after January 1, 1961; and that it was his intention to render judgment in accordance with the stipulation. Judge Wood stated that defendant's attorney objected to the inclu-

sion in the stipulation of a finding of "guilty" on the part of the defendant.

The testimony of defendant's attorney was that on December 5, 1960, he objected to the inclusion of any finding in the stipulation or judgment that defendant was guilty or that there was an unlawful or illegal holding on the part of defendant or that plaintiff had any right to possession before January 1, 1961, and that the judgment was in accordance with all that could be agreed upon. An exact transcription of the court reporter's notes of Judge Wood's dictation of the judgment does reflect initial dictation of a finding therein that defendant was guilty, and that upon defendant's objection this finding was marked out. The defendant testified that in connection with his notice of termination he mailed a cashier's check in the sum of $300.00 (amount of annual rent set forth in lease) for 1960 rental, but that plaintiffs returned the check.

The only proposition before this Court on this appeal is whether or not the trial court had authority to enter, nunc pro tunc, on March 28, 1962, an amended and modified judgment supplementing and changing the judgment of December 5, 1960, from which no appeal was taken. We cannot be concerned with what judgment in the case would have been proper. The only question we now have jurisdiction to determine is as to what judgment the trial court actually rendered on December 5, 1960.

█ In Stevens Expert Cleaners & Dyers v. Stevens, Okl., 267 P.2d 998, we stated:

> "While a trial court, by order nunc pro tunc, may correct the record of a judgment theretofore rendered in order that such record shall truly reflect such judgment, it may not by such order render another and different judgment, nor adjudicate property rights which were not determined in the judgment."

In the cited case we quoted from 30 Am. Jur. 876, Judgments, Sec. 1109, as follows:

> " '* * * Under the rule, the amendment or nunc pro tunc entry may not be made to supply a judicial omission or an error of the court, or to show what the court might or should have decided, or intended to decide, as distinguished from what it actually did decide. The authority of the court in this connection does not extend beyond the power to make the journal entry speak the truth, and may be exercised only to supply omissions in the exercises of functions which are clerical merely.' "

█ In this appeal we are not dealing with correction of errors or omissions in a stipulation and journal entry prepared by persons other than the judge and by him accepted and signed as so prepared. The stipulation and journal entry were dictated by the judge. There is no contention that there was any omission or error in transcribing such instruments to their final form as they appear in the record and evidence. There was no conflicting evidence for Judge Wood to weigh and determine whether or not defendant unlawfully retained possession for the year 1960. The judgment was based on the stipulation and as stated by Judge Wood was "an agreed judgment." The stipulation and judgment awarded possession to plaintiffs as of January 1, 1961, and this is not contrary to the meaning of any words used therein or to any recorded or unrecorded pronouncement or decision by the judge. At that time defendant had given notice of termination of his tenancy effective January 1, 1961, and had tendered and admitted an obligation of $300.00 for rent for the year 1960. The record does not show or even suggest that defendant would have stipulated that plaintiffs have immediate possession and that defendant was guilty of unlawful detainer. Judge Wood testified he intended to render the judgment reflected in the nunc pro tunc proceeding but under the law as applied to the facts no such judgment was rendered.

**686**

In Stevens Expert Cleaners & Dyers v. Stevens, supra, this Court further stated:

"As to the use of the word 'intended,' the citations above point out that a trial court cannot by order nunc pro tunc modify or amend a former judgment to make it the judgment he *intended to render* but did not. But, the court can, by such order, correct the journal entry so that the words have the *meaning intended*, in that they reflect the judgment actually rendered or pronounced. * * *"

It is our conclusion that the nunc pro tunc judgment was another and different judgment from that rendered on December 5, 1960, and that the trial court was not justified in granting plaintiffs' application for order nunc pro tunc.

Reversed.

BLACKBIRD, C. J., HALLEY, V. C. J., and JOHNSON, WILLIAMS, JACKSON and IRWIN, JJ., concur.