W. O. PETTIT, Appellant,

v.

ARKANSAS LOUISIANA GAS COMPA-
NY, a corporation, and Texas Interna-
tional Petroleum Corporation, a corpo-
ration, Appellees.

No. 51081.

Supreme Court of Oklahoma.

May 29, 1979.

Richard P. Cornish, McAlester, for appel-
lant.

Max H. Lawrence, Oklahoma City, for
appellees.

DOOLIN, Justice:

The question before this court is whether
plaintiff is entitled, by an order nunc pro
tunc, to modify a judgment in his favor to
reflect an additional $8,490.88. This ap-
proximate sum represents accrued interest
on a depository account set up by defendant
Texas International Petroleum Corporation
(Tipco) in the name of W. O. Pettit (plain-

tiff). We hold trial court correctly decided that he is not.

The original judgment was entered March 1, 1977. Plaintiff moved for an order nunc pro tunc on March 16, 1977.

The order of trial court denying the nunc pro tunc .application concisely relates the facts leading up to this application. It states in part:

" . . .

Basically the defendant, Arkla, was to pay certain monies to Tipco for the benefit of plaintiff. After a delay Arkla paid some of the funds but Tipco did not pay them to the plaintiff. The Court found that Tipco should have paid plaintiff $39,- 323.61 by May 28, 1973 and certain amounts monthly thereafter, and that the amount due to plaintiff as of December 31, 1975 was $62,777.58. The Court further found that Tipco was to pay plaintiff any additional sums that had accrued to the date of the Order as those sums had not been introduced in testimony and were simply a matter of calculation. The total amount due was calculated, agreed upon and set out in the Journal Entry of Judgment. The Court found that Tipco should have made payment to plaintiff by May 28, 1973, that Tipco had made a tender into Court of all amounts due plaintiff on January 21, 1974 and then the order of the Court charged Tipco with interest on the amounts due between those dates. Plaintiff did not respond to the defendant's tender into court so the actual money remained in the possession of Tipco until the case was finally completed.

Unknown to plaintiff, Tipco had put said funds in a depository where it drew interest; plaintiff has been paid in full as to the principal amount due and now finding that there is accumulated interest on said fund made demand for said interest. Tipco insists that it is not obligated to pay this interest earned to the plaintiff. Plaintiff has cited no cases directly

in point but does cite cases establishing the rather logical position that the earnings on such a fund are a mere incident of the ownership and that as plaintiff was adjudicated the owner of the fund he should be entitled to the interest earned by the fund. Defendant argues that it has made payment of the amount due pursuant to the Order of the Court and was thereby discharged from all liability for interest except the interest ordered by the Court.
. . . "

In its order the trial court expressed doubt that a nunc pro tunc order was proper in these circumstances but decided to deny it on the merits of the application holding plaintiff was not entitled to the interest on the account.

■ We do not reach the merits of this question as the application to correct the judgment by nunc pro tunc is inappropriate. Under 12 O.S.1971 §§ 1031, et seq. trial court by order nunc pro tunc may correct record of judgment theretofore rendered in order that the record shall truly reflect the judgment. However the court may not render another and different judgment, *nor adjudicate property rights not determined in the former judgment.* A claim that there are errors of law in a judgment cannot be raised by application for order nunc pro tunc, only by an appeal. The power to make corrections extends only to *clerical* errors, arithmetical and the like, not to *judicial* errors. A "nunc pro tunc entry" is one made now of something which was actually done, and its office is not to supply *omitted action* by court.[1]

■ Plaintiff did not plead entitlement to interest in his petition. The judgment did not award "the monies in the depository account"; it awarded a sum certain. The relief sought by plaintiff in his application for nunc pro tunc requires additional evidence, involves a different issue and different rules of law. It asks for court to supply

---

1. *Stevens Expert Cleaners & Dyers v. Stevens,* 267 P.2d 998 (Okl.1954); *Fowler v. Zimmerman,* 383 P.2d 682 (Okl.1963).

omitted action by adjudicating property rights in the interest which were not determined in judgment sought to be corrected. Trial court was without authority to award plaintiff interest on the account by an order nunc pro tunc.

AFFIRMED.

LAVENDER, C. J., and WILLIAMS, HODGES, BARNES, SIMMS, HARGRAVE and OPALA, JJ., concur.