YOUNGBLOOD et al. v. STEPHENS et al.

No. 33141.   March 22, 1949.

Rehearing Denied April 26, 1949.

*205 P. 2d 279.*

S. S. Lawrence, of Tulsa, for plaintiffs in error.

H. W. Conyers, of Tulsa, for defendants in error.

LUTTRELL, J.   This is an appeal from an order entered nunc pro tunc correcting the journal entry of judgment previously rendered.

From the record it appears that on November 8, 1943, the plaintiffs, Eddie Stephens and Nellie Stephens, commenced an action against defendants,

Riley Youngblood, Lizzie Youngblood and others, seeking to recover possession of three feet of lot 9, block 7, Berry Hart Addition to Tulsa, alleging that the named defendants claimed a three foot strip along the west side of lot 9, and were wrongfully holding possession thereof. The defendants Riley Youngblood and Lizzie Youngblood, in their answer, asserted that they and their predecessors in title had been in possession of said property "described in plaintiffs' petition as three feet, more or less, all along the west side of Lot 9" for more than 15 years, and had acquired title by prescription. The case was tried to the court without a jury, and judgment rendered for plaintiffs decreeing them to be the owners of all of lot 9, block 7, Berry Hart Addition, and awarding them possession and quieting their title to the disputed three feet of said lot. In this decree the disputed property was described as three feet along the west side of lot 9.

While the record before us does not so reflect, it is stated in the briefs of the parties that the defendants attempted to appeal to this court from said judgment, but that said appeal was dismissed by this court because of failure to have the case-made filed in the office of the clerk of the district court of Tulsa county.

Thereafter, on April 15, 1946, plaintiffs filed an application for an order nunc pro tunc correcting the journal entry of judgment in said cause by changing the word "west" where it appeared in the journal entry of judgment in describing the three feet in controversy to "east", on the ground that where in the journal entry the "west side" or "west line" was used, the east side and east line were intended; that the same error appeared in plaintiffs' petition, but that all exhibits and the evidence in the case showed correctly that east was intended instead of west. The application also requested that plaintiffs' petition be amended in

that respect to conform to the evidence introduced in the case. This application was heard before the successor to the judge who tried the case and signed the journal entry. After a hearing at which both parties were present the court entered an order nunc pro tunc correcting the journal entry of judgment as requested in the application. The order recites that the court examined the record of the previous trial, listened to argument of counsel for both sides, and finds that the use of the word "west" in the journal entry was erroneous and that the word "east" should have been used in its place to correctly reflect the judgment of the court. It corrected the journal entry of the judgment accordingly, and further ordered that plaintiffs' petition be treated as amended to conform to the corrected journal entry.

Defendants on appeal contend that the mistake in describing the property with a judicial error and not a clerical error, and was therefore not subject to correction by an order nunc pro tunc, citing 30 Am. Jur. p. 879, §115; cases shown in 10 A.L.R. Note p. 617, from Texas and Missouri, and Oregon Mortgage Co. v. Kunneke, 76 Mont. 117, 245 P. 539. We do not agree with this contention.

While the record made in the former trial is not before us, it is apparent from the record filed on this appeal that the land involved in the controversy was the three feet of lot 9 which was in possession of the defendants at the time the case was filed. This is evident from the answer of defendants, which alleged that they and their predecessors in title had been in possession of the land involved in the action for a sufficient length of time to give them title by prescription, and they apparently conceded that the land in controversy was the east three feet of lot 9. Furthermore, the trial court, before making the order nunc pro tunc, examined the record made of the evidence taken at the previous trial, and stated in the order that the true judg-

ment was that the plaintiff recover from defendants the east three feet of lot 9, and that the changing of the word "west" to the word "east" correctly reflected the judgment of the court at the conclusion of the first trial.

In 30 Am. Jur. p. 879, section 115, referring to errors in the description of land in the record of a judgment, it is said that such errors are generally deemed subject to correction, except in cases where the judgment "describes the land in exact accordance with the description given in the complaint *and documents in the action*". (Italics ours.)

In 10 A.L.R. p. 589, note 15, it is said that while anciently not even clerical mistakes would be corrected after the term ended, the modern rule is different; that under the modern rule the test is whether the mistake related to something the court did not consider and pass upon, or considered and erroneously decided, in which case the error would be a judicial error and not subject to correction, or whether there was a failure to preserve or correctly report in the record in all respects the actual decision of the court, in which event it would be a clerical error, and subject to correction. The rule thus stated is supported by the citation of numerous cases. The same rule is announced in Oregon Mortgage Co. v. Kunneke, supra; Wilson v. City of Fergus Falls, 181 Minn. 329, 232 N. W. 322, and numerous cases analyzed in the above cited A. L. R. note, and in note 15, 126 A.L.R. p. 977.

In Hawks v. McCormack, 180 Okla. 569, 71 P. 2d 724, we said:

"But the true function of a nunc pro tunc order is to make the record speak the truth relative to the judgment or order. That is to make the record reflect the true judgment or order intended by the court at the time the original judgment or order was entered. If the clerk makes a mistake or incorrectly enters a judgment or order, the same may be corrected by an order nunc pro tunc. If the court itself by inadvertence uses language in the journal entry which does not reflect the true judgment or order intended, an order may be made nunc pro tunc correcting same. This power is inherent in courts of record and exists independent of any statutory provision, 34 C. J. 71; Courtney v. Barnett, 65 Okla. 189, 166 P. 207; Woodmansee v. Woodmansee, 137 Okla. 112, 278 P. 278."

In the instant case it conclusively appears that the journal entry of judgment did not reflect the true judgment rendered by the court, due apparently to a clerical error on the part of the attorney who drew the petition and the journal entry of judgment. Under the authorities above cited, announcing and adhering to the modern rule, the trial court did not err in entering the order nunc pro tunc correcting such error, so that the journal entry of judgment correctly reflected the true judgment rendered.

Affirmed.

DAVISON, C.J., and WELCH, CORN, GIBSON, and JOHNSON, JJ., concur. O'NEAL, J., dissents. HALLEY, J., who presided at the trial in the lower court, not participating.