**Wilbur R. GREEN, Ralph Jennings, d/b/a Ralph Jennings Feed Co., and James Hobart Kinder, Plaintiffs in Error,**

v.

**Donald L. SELLERS, Defendant in Error.**

**No. 41039.**

Supreme Court of Oklahoma.

April 5, 1966.

Rucker, Tabor, Shepherd & Palmer, B. W. Tabor, O. H. "Pat" O'Neal, Tulsa, for plaintiffs in error.

Garrett & Pearson, Muskogee, for defendant in error.

BERRY, Justice.

This is a negligence action. Plaintiff, defendant in error herein, sued the named defendants, plaintiffs in error in this appeal, to recover damages for personal injuries, pain and suffering, loss of wages and attendant medical expenses received under circumstances hereafter related. Upon trial to a jury the issues were found in plaintiff's favor against all defendants and the sum of $25,000.00 assessed as damages. The judgment rendered upon the jury verdict is the basis of this appeal by all defendants except Kinder.

The appeal presents no issues relative to the nature and extent of plaintiff's injuries or the damages allowed, and these matters do not require further mention. The terminal question involves the problem of legal cause in actions for tort. Depiction of the physical scene with particularity will assist consideration of the problem.

East of the town of Keefton in Muskogee County U. S. Highway 64 traverses the country side in a generally Northwest to Southeast direction toward Warner, Oklahoma. As in the testimony, however, directions ordinarily are denominated as "north" and "south." Approximately one mile east of Keefton the highway passes over a small hill. The pavement is 20 feet wide, divided by a center line and a yellow painted line indicates a "no passing" zone on both sides of the hill. When traveling southeast the hill inclines for approximately 1000 feet before reaching the top. When traveling northwest, toward Keefton, the hill is of sufficient highth to obstruct the view of Keefton and approaching traffic until near crest. There is an improved shoulder approximately 10–12 feet wide on each side of the pavement as the highway goes over the hill. Although not a steep hill, the rise is sufficient to obscure a view of traffic approaching from the opposite direction until a driver is nearly to the crest.

The defendant Green admittedly was the agent of defendant Jennings. Shortly after 4 P.M. in broad daylight, on January 4, 1962, Green was driving in a southeasterly direction a G.M.C. truck pulling a semi-trailer heavily loaded (approximately 20,-000 pounds) with grain. Since leaving Muskogee the truck's engine had been "cutting out." As Green came to the hill he was aware of two vehicles following behind his truck, and was uncertain wheth-

er his rig could ascend the hill. The truck was traveling 5–6 miles per hour at this time and it would have been possible to pull the truck onto the shoulder. Defendant considered this unnecessary, but when within 150–300 feet of the hill crest the truck came to a complete stop. At approximately the same time the two following vehicles came up behind Green. One car passed Green on the right by turning onto the shoulder. The other vehicle, driven by defendant Kinder, pulled around the truck to the left in the "no passing" zone. At this time Green observed a pickup truck coming from the opposite direction over the crest of the hill some 300 feet away and, according to his testimony, he stopped the truck and the motor died. Other evidence, which the jury believed, was that defendant Green's truck had been stopped in the south bound traffic lane for from 5–10 minutes. There was no evidence of defendant having given or put out any warning signs or signals warning traffic approaching from the rear.

A pickup truck, driven by Holmes and carrying one McBride and the plaintiff as coemployees and passengers, was traveling north to Muskogee. Reaching the crest of the hill Holmes observed defendant Green's truck stopped, and defendant Kinder's vehicle about even with the truck but traveling south (east) in Holmes' north (west) bound traffic lane. Holmes applied his brakes, leaving 108 feet of light skid marks, but saw he would be unable to stop and thereupon turned right onto the shoulder and into the borrow ditch. Upon striking the ditch embankment the pickup truck overturned into the adjoining field. Plaintiff was thrown from the truck, which thereafter rolled over his body and caused severe injuries.

The plaintiff charged defendants Green and Jennings with negligence: (1) in stopping the truck upon the public highway and blocking southbound (southeast) traffic; (2) failure to put out flares or other warning devices; (3) failure to keep truck in proper mechanical condition; (4) defend-

ants knew or in exercise of ordinary care should have known mechanical condition of truck would cause injury to travelers upon public thoroughfare.

Defendant Kinder was charged with negligence in (1) recklessly driving his vehicle across the center line into face of approaching traffic; (2) failure to keep his vehicle under control and operating same at a speed greater than permitted stopping in assured, clear distance ahead; (3) driving at greater speed than reasonable and proper under the circumstances; (4) driving without proper lookout without regard for plaintiff's rights or safety.

All defendants were charged with negligence in failing to maintain proper care and control of their vehicles upon the public highways as reasonably prudent persons would have done under like circumstances. The petition also alleged the various acts of negligence charged were contrary to and in violation of the statutes of this State.

Defendants' Green and Jennings answer, admitting existence of the agency relationship and occurrence of the accident, pled general denial, sudden emergency, unavoidable accident, and contributory negligence. Defendants further pled the accident was proximately caused by negligence of plaintiff, the driver Hurley and defendant Kinder, charging plaintiff with negligence in failing to warn Hurley of approaching danger created by Kinder's vehicle, and in failing to keep a proper lookout under the circumstances.

Holmes was alleged to have been negligent in failing to maintain proper control of his vehicle, and operating same in a reckless manner in violation of the statutes; exceeding lawful speed under existing conditions in violation of statutes; leaving shoulder of the highway when he knew, or should have known, accident could have been prevented, by remaining on his right side of the highway.

Defendant Kinder was alleged to have been negligent in driving to the left of center of the highway in meeting oncoming traffic; failure to provide half the traveled

portion of the highway for oncoming traffic; driving to the left of center of the highway in passing at the crest of the hill; driving left of center of the highway within a marked, no passing zone, all in violation of various statutes [47 O.S.1961 § 11–302 et seq.] specifically pled. Further, that Kinder was negligent in driving at excessive speed and in a reckless and careless manner.

Defendant Kinder answered denying negligence upon his own part under the circumstances, and that the accident resulted from Green's negligence in failing to park off the traveled highway, and to give proper warning to other vehicles. This answer also alleged plaintiff's contributory negligence in failure to object to the manner in which the vehicle in which he was a passenger was being driven.

The evidence introduced by the various defendants at the trial conflicted in several respects with that offered by plaintiff. The highway patrolman (Fewell), who investigated the accident, arrived at the scene some 25–35 minutes after the accident, found the pickup overturned to the north (northwest) of the highway. The truck-trailer was parked on the highway headed south (southeast), some 150–300 feet from the crest of the hill, and the patrolman was advised by defendant Green the truck had "quit" some 5–10 minutes before the accident. There were no warning flags at the scene. The pickup truck left 108 feet of light skid marks before leaving the pavement, traveled 120 feet along the shoulder and borrow ditch, went into a meadow and made one "complete roll." Defendant Kinder told the patrolman the truck was stopped on the road and a car he was following passed the truck on the right while Kinder went around the truck on the left.

Cross-examination established that the truck was on the right side of the highway. The north (northwest) traffic lane was clear, and the accident occurred in a "no passing" zone. Defendant's truck would not start and later it was necessary for it to be pulled off the highway.

The operator of the pickup (Holmes), in which plaintiff was a passenger, was driving approximately 60 miles per hour coming up the hill. Upon cresting the hill he observed defendant's truck in the proper traffic lane and defendant Kinder's vehicle in Holmes' lane (north). Holmes tried to stop, but was unable to do so and left the road, traveled a short distance along the shoulder, over the embankment and turned over about 120 feet off the highway.

Plaintiff's testimony was corroborative as to the time, place, facts of the accident and Holmes' rate of speed. Upon cross-examination plaintiff stated his first awareness of danger came when the pickup was about 10 feet below the crest of the hill.

Defendant Green testified he was driving the semi-trailer truck which had been "cutting out" since leaving Muskogee, but thought he could make the hill. Although he could have pulled the truck onto the shoulder, or could have backed onto the shoulder, defendant did not think this was necessary. The truck lost speed on the incline and when nearly to the top defendant saw two cars in his rearview mirror coming up behind. One car passed on the right. The other passed on the left and about the same time he saw the pickup come over the hill from the opposite direction. Knowing something was going to happen defendant stopped the truck and the engine died, at a point 97 steps (approximately 210 feet) from the top of the hill. After the accident defendant switched gas tanks and the truck was all right.

Defendant stated (cross-examination) that, although he knew the cars were following him up the hill, he saw no use in giving a warning with his brake lights that the truck was stalling out on the hill. The pickup followed the only course possible to avoid this accident.

Defendant Kinder, who is not a party to this appeal, testified he observed defendant's truck stopped 300 yards ahead and another car was between his car and the truck. This car slowed and passed on the right, and seeing the truck was "dead still"

he passed on the left, but could see the top of the hill and nothing was coming. When passing the truck he saw the pickup coming and went on around defendant's truck; when they met the pickup still was on the road and defendant (Kinder) was back in the proper lane.

Defendant Kinder's wife testified there was no oncoming traffic when they passed the truck, and their car picked up speed and was back in the proper lane 4–6 car lengths before the pickup came abreast of their car. This witness also testified defendant was stopped when they pulled up behind the truck on the hill.

The defendants advance a single proposition as grounds for reversal, which states:

"Even if Defendant Green was stopped on the highway, or had just stopped on the highway, if same were to be considered negligence, such negligence was not the proximate cause or even a concurring cause of Plaintiff's injuries."

Defendants contend the evidence, even when viewed in an aspect most favorable to plaintiff, discloses the slowing or stopping of the truck was not the proximate cause of the accident, and if defendant was negligent at all such negligence merely created a condition. From this premise defendants assert Green's negligence could not be a concurrent cause for the reason that Kinder's negligence, in passing in a no passing zone and blocking the north lane when it was possible to have passed safely on the right, was the proximate cause of the accident. And, defendants say any concurrent negligence evolved from the acts of Kinder and the driver of the pickup, since the evidence was "undisputed Holmes had a clear view" of the road, and Kinder was back into the proper traffic lane before Holmes left the highway. As concerns this latter argument, we observe only that the evidence relative to Holmes' view ahead and the position of Kinder's car at, or about the time Holmes left the highway was conflicting. These matters presented issues of fact which the jury determined adversely to defendants.

Defendants' proposition is argued from the premise that the rule stated in four of our prior decisions, cited and quoted in defendants' brief, requires reversal of this cause. The first cited case is that of Stephens v. Okla. City Ry. Co., 28 Okl. 340, 114 P. 611, 33 L.R.A.,N.S., 1007, wherein the street railway company was absolved from responsibility for injury occurring to prospective patrons occasioned by negligence of the fire chief in driving a horse and buggy in a grossly negligent manner. The plaintiffs' presence in a position of danger resulted from the street car's failure and refusal to stop for passengers in violation both of city ordinance and company rules and regulations. This Court stated the unusual results which followed the railway's act of negligence could not be considered as something which ought to have been foreseen by the railway's agent. The reasoning upon which the rule and result were based were derived largely by analysis and comparison with Watson v. Kentucky, etc., Ry. Co., 137 Ky. 619, 128 S.W. 146; 137 Ky. 619, 129 S.W. 341. The result in the Watson case was based upon the hypothesis that the malicious and wanton act of a third party, done for the purpose of producing an explosion, was an intervening agency so unexpected and extraordinary as could not, or ought not, have been anticipated and liability could not be based upon concurrent negligence. The court, quoting from Watson, supra, stated at pp. 614–615 of 114 P.:

"'* * * The mere fact that the concurrent cause or intervening act was unforeseen will not relieve the defendant guilty of the primary negligence from liability; but, if the intervening agency is something so unexpected or extraordinary as that he could not or ought not to have anticipated it, he will not be liable, and certainly he is not bound to anticipate the criminal acts of others by which damage is inflicted, and hence is not liable therefor. 29 Cyc. 501–512; Sofield v. Sommers, 9 Ben. 526, Fed.Cas.

No.13,157; Andrews v. Kinsel, 114 Ga. 390, 40 S.E. 300, 88 Am.St.Rep. 25.'"

■ Defendants further rely upon Norman v. Scrivner-Stevens Co., 201 Okl. 218, 204 P.2d 277; Phillips Pet. Co. v. Robertson, 207 Okl. 80, 247 P.2d 501; City of Okmulgee v. Hemphill, 183 Okl. 450, 83 P.2d 189. Syllabi 1 and 2 in Hemphill, supra, state these rules:

"The proximate cause of an injury must be the efficient cause which sets in motion the chain of circumstances leading to the injury; if the negligence complained of merely furnishes a condition by which the injury was made possible and a subsequent independent act caused the injury; the existence of such condition is not the proximate cause of the injury.

"Where several causes producing an injury are concurrent and each is an efficient cause without which the injury would not have happened, the injury may be attributed to all or any of the causes."

These rules have been followed in other cited cases, which reflect fact situations not analogous to the physical facts in the present appeal. Undoubtedly these rules are sound when stated as abstract principles of law. However, we are of the opinion the rules do not sustain defendant's argument that negligence on the part of defendant Green created only a condition which was not a concurrent cause of injury.

■ It is axiomatic that concurrent negligence involves acts of negligence of two or more persons which, although concert is lacking, combine to produce a single injury. Ironside v. Ironside, 188 Okl. 267, 108 P.2d 157, 134 A.L.R. 621. And, in this State, where two vehicles are traveling along a public highway circumstances may arise or exist which in exercise of due care require that a driver signal his intentions to stop. Except in cases where reasonable minds could not differ, the degree of care required and the question whether exer-

cised are questions for the jury. Union Transp. Co. v. Lamb, 190 Okl. 327, 123 P.2d 660. And in Norman v. Scrivner-Stevens Co., supra, the rule stated in 54 Am.Jur., Negligence § 54, the rule defining proximate cause was quoted. A part of the rule states:

"* * * A negligent act cannot be said to be the proximate cause of an accident unless the accident could have been avoided in the absence thereof. * * *"

And, in Norman we accepted the text rule in 54 Am.Jur., Negligence § 57, for determining proximate cause, including the condition of whether injury was anticipated or reasonably should have been foreseen by the party sought to be charged. In Milwaukee & St. P. Ry. Co. v. Kellogg, 94 U.S. 469, 24 L.Ed. 256, it was reasoned that consequential injury must be the natural consequence following the original wrongful act in the usual, ordinary and experienced sequence of events. Or, stated in another manner, the original wrongdoer is not to be relieved from responsibility simply because he failed to foresee the precise result of his misconduct. Responsibility attaches if the particular result is naturally connected with the original wrongful act, either immediately or through a series of events.

■ Measuring the circumstances reflected in this case by recognized rules, the following conclusions must be drawn. Defendant Green knew two vehicles were following his imperfectly operating truck when he began ascent of the hill. Both by statute and common law obligation he was required to use ordinary care for the safety of other travelers upon the highway. Roadway Express, Inc. v. Baty, 189 Okl. 180, 114 P.2d 935; Union Transp. Co. v. Lamb, 190 Okl. 327, 123 P.2d 660; Garner v. Myers, Okl., 318 P.2d 410.

■ It was for the jury to determine whether Green's act of attempting to negotiate the hill with the truck "cutting out", and eventually stopping in the south bound

traffic lane constituted negligence. If found to be negligence then the inquiry was whether this was an efficient cause which connected with another cause to produce the injury. In determining whether the defendants' conduct combined to produce plaintiff's injury the jury could consider whether the accident would have occurred in the absence of negligence either on the part of Green or Kinder.

In 104 A.L.R. 497 and 131 A.L.R. 562 appear annotations dealing with liability for negligence in turning or stopping upon heavily traveled highways. For the driver who stops without proper warning, even in absence of specific statute, liability is predicated upon violation of the duty to give notice of such intention when conditions are such that care and prudence require warning to be given for protection of other travelers upon the highway. The reason is that a leading vehicle does not have an absolute legal position superior to that of a following vehicle, but owes a positive duty to exercise ordinary care not to slow, stop or swerve from his course without adequate warning to following traffic. In such cases questions of negligence, contributory negligence and proximate cause are for the jury to determine.

 Had Green not attempted to negotiate the hill with the defectively operating truck he would not have been stopped on the highway. Whether this effort, or his subsequent failure to warn other traffic or remove the truck from the traveled highway to avoid traffic known to be behind the truck, constituted matters which the jury was entitled to take into consideration. That defendant Kinder was negligent in passing, to the left of the stalled truck, in a no passing zone was established. Whether the conduct of each defendant was negligence, and whether the accident would have occurred without the negligence of either was for the jury to determine. It is implicit in the jury's verdict that both were negligent, and that their

negligence combined and commingled to produce plaintiff's injury.

Judgment affirmed.

JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD and LAVENDER, JJ., concur.

HALLEY, C. J., dissents.