Rachel **CARTWRIGHT**, a Minor, By Eli Cartwright, her father and next friend, Appellant,

v.

**MFA MUTUAL INSURANCE COMPANY OF COLUMBIA, MISSOURI, Appellee.**

No. 43302.

Supreme Court of Oklahoma.

June 13, 1972.

Rehearing Denied July 25, 1972.

Glenn A. Young, Earl W. Wolfe, Sapulpa, for appellant.

Best, Sharp, Thomas & Glass, Joseph A. Sharp, Tulsa, for appellee.

IRWIN, Justice.

Appellant, in a garnishment proceeding, sought collection of a default judgment rendered against Appellee's (garnishee's) insured. Garnishee denied liability and filed its motion for summary judgment alleging that: Appellant, as plaintiff in the

trial court, instituted an action against its insured and defendant Helt, as joint tortfeasors, for damages sustained in an automobile accident; plaintiff recovered judgment against defendant Helt only, and a release and satisfaction of the judgment was filed; upon satisfaction of the judgment rendered against defendant Helt, the cause of action against its insured was extinguished and the purported judgment against its insured was void as no cause of action existed on that date.

Appellee filed a motion for order nunc pro tunc alleging that: the language used in the trial court's judgment against defendant Helt, by inadvertence, does not reflect the true judgment intended; the true judgment intended was to approve only a covenant not to proceed further with the litigation against defendant Helt, while reserving appellant's rights to proceed with the litigation against garnishee's insured. Appellant prayed that an order nunc pro tunc be entered which would reflect the true judgment intended to be rendered against defendant Helt.

The trial court overruled appellant's motion for an order nunc pro tunc and sustained garnishee's motion for summary judgment. Appellant appealed.

■ Appellant argues that when the journal entry of judgment rendered against defendant Helt is considered with the transcript of the proceedings taken on the day the judgment was rendered, the same clearly indicates that the parties intended the proceedings to be in the nature of a settlement upon a covenant not to sue or to proceed further with the litigation against Helt only, and reserved to appellant the right to proceed against garnishee's insured. Appellant contends the trial court erred in overruling its application for an order nunc pro tunc and sustaining garnishee's motion for summary judgment.

The record conclusively shows that at the hearing wherein appellant, hereafter referred to as plaintiff, obtained her judgment against defendant Helt that the parties thereto, plaintiff and Helt, intended that any judgment against Helt would constitute only a partial satisfaction of plaintiff's claim against both joint tortfeasors, and would not prejudice her rights to further proceed against Helt's co-defendant, garnishee's insured.

At the close of the evidentiary hearing in which plaintiff obtained her judgment against Helt, the trial court stated: "Let the record show judgment for plaintiff as per journal entry." In its journal entry of judgment, the trial court found that the accident causing plaintiff's injuries was due to the negligence of both defendants; and that Helt denied sole responsibility, but for the purpose of compromising the case as to her only, she was willing to pay plaintiff $6,500.00. The trial court ordered that plaintiff "have and recover of the defendant Helt the sum of $6,500.00, but the determination herein will in no way prejudice the rights of plaintiff to proceed against any other parties to the accident which right is specifically reserved to plaintiff."

On the day the judgment against Helt was rendered and filed, plaintiff filed a partial release and satisfaction of the judgment. This instrument recited that the $6,500.00 was received and accepted in full payment and satisfaction of the partial judgment and that Helt was released and discharged from further liability and demand. This instrument also recited that the release was intended to only release and discharge defendant Helt from liability, and "shall in no way release or discharge any other parties to the accident nor in any way prejudice her rights to proceed against any other parties to the accident."

In the default judgment rendered against garnishee's insured, the trial court found that plaintiff had been damaged in excess of $6,500.00 awarded her against Helt; and that judgment should be rendered accordingly.

Plaintiff argues that Youngblood v. Stephens, 201 Okl. 301, 205 P.2d 279, supports her motion for the order nunc pro tunc. In that case Stephens sought possession of

certain described property. The petition and journal entry described the property as being a strip of land along the west side of the lot but all the evidence was directed to the east side of the lot. After hearing, the trial court found the use of the word "west" in the journal entry was erroneous and that the word "east" should have been used in its place to correctly reflect the judgment of the court, and corrected the journal entry of judgment accordingly. In sustaining the trial court's nunc pro tunc order we cited with approval Hawks v. McCormack, 180 Okl. 569, 71 P.2d 724, wherein we said:

" 'But the true function of a nunc pro tunc order is to make the record speak the truth relative to the judgment or order. That is to make the record reflect the true judgment or order intended by the court at the time the original judgment or order was entered. If the clerk makes a mistake or incorrectly enters a judgment or order, the same may be corrected by an order nunc pro tunc. If the court itself by inadvertence uses language in the journal entry which does not reflect the true judgment or order intended, an order may be made nunc pro tunc correcting same. * * * '.' "

In clarifying and explaining the above quoted language and in discussing the meaning of the word "intended" when referring to what judgment a trial court intended to render, we said in Stevens Expert Cleaners & Dyers v. Stevens, Okl., 267 P.2d 998, that: "a trial court cannot by order nunc pro tunc modify or amend a former judgment to make it the judgment he *intended to render* but did not. But, the court can, by such order, correct the journal entry so that the words have the *meaning intended,* in that they reflect the judgment actually rendered or pronounced. This reasoning is in line with that contained in the opinion in the case of Hawks v. McCormack, 180 Okl. 569, 71 P.2d 724, 725."

The Stevens Expert Cleaners case very clearly points out that the language above quoted in Hawks v. McCormack, should not be construed to mean that a trial court can by order nunc pro tunc modify or amend a former judgment to make it a judgment the court *intended to render,* but did not.

In Fowler v. Zimmerman, Okl., 383 P.2d 682, we said that when this Court considers whether an order nunc pro tunc should have been granted, we are not concerned with what judgment would have been proper but what judgment was actually rendered. In Fowler, Judge W rendered the original judgment and the application for an order nunc pro tunc was heard by Judge E. In the hearing, Judge W testified he intended to render the judgment which was later reflected in the nunc pro tunc order issued by Judge E. In that case we held that the nunc pro tunc judgment rendered by Judge E was another and different judgment rendered by Judge W and reversed the judgment granting the motion for order nunc pro tunc.

See also Humphrey Oil Corporation v. Lindsey, Okl., 370 P.2d 296; and Jones v. Jones, Okl., 442 P.2d 319.

The issue before the trial court on consideration of plaintiff's motion for an order nunc pro tunc was what judgment the trial court had actually rendered and not what it intended to render. The trial court pronounced: "Let the record show judgment for plaintiff as per journal entry." The journal entry of judgment reflects the judgment actually rendered and requires no modification to reflect the meaning intended. The trial court did not err in overruling plaintiff's motion for an order nunc pro tunc.

■ Plaintiff relies upon All American Bus Lines v. Saxon, 197 Okl. 395, 172 P.2d 424, and Hambright v. City of Cleveland, Okl., 360 P.2d 493, and cases of similar import to sustain her contention the trial court erred in sustaining garnishee's motion for summary judgment.

In All American Bus Lines we held an acknowledgment by plaintiff of satisfaction against one of two defendants, sued as

joint tortfeasors, will not release the other unless the instrument claimed to be a release shows that it was intended to have such effect, or where such instrument expressly reserves the right to continue such action against other defendant. In that case after plaintiff filed an action against joint tortfeasors, plaintiff entered into a covenant not to sue one of the co-defendants and to dismiss the action insofar as that co-defendant was concerned. Involved here is not only a release and satisfaction, but a judgment rendered against one joint tortfeasor which has been satisfied. Plaintiff sought by order nunc pro tunc to have the judgment modified to show that it was in the nature of a judgment approving a covenant not to sue which the trial court declined to do and which we have approved.

In Hambright v. City of Cleveland, supra, plaintiff recovered judgment against an employer and its employee. Plaintiff released the employee for an amount less than the judgment and reserved the right to enforce the remainder of the judgment against the employer. We said the judgment determined that both defendants were jointly and severally liable and it was a joint and several debt of both defendants. It was a final determination that plaintiff was entitled to recover such amount from either one or both of defendants and plaintiff could enforce the judgment against property of either one of defendants without relinquishing his right to collect any unpaid balance remaining from the other defendant.

In Hambright there was one cause of action, one judgment, and both defendants were jointly and severally liable on the judgment. In the case at bar there was one cause of action, two judgments, and neither defendant Helt nor garnishee's insured was liable for the judgment against the other.

City of Wetumka v. Cromwell-Franklin Oil Co., 171 Okl. 565, 43 P.2d 434, involved factual circumstances similar to those in the case at bar. There, City brought an action against several defendants, including Mid-Continent Petroleum Corp. Judgment was rendered against some of the defendants for an amount less than for which suit was brought. This judgment was not against Mid-Continent. The judgment against some of the defendants specifically provided that plaintiff was allowed to further prosecute the action against the remaining defendants (which included Mid-Continent) and such right was reserved. Defendants, against whom the judgment was rendered, satisfied the judgment. In holding that the judgment against some of the defendants and satisfaction thereof operated as a bar to any further claim of damages against the other defendants, we held:

> "Although several separate suits may be brought for a joint liability, yet, where the injury is an entirety, the damage resulting therefrom cannot be apportioned among the wrongdoers, nor divided into separate demands; and, where the injured party sues one of the wrongdoers, and demands only a part of the damage which he suffered by the injury, a recovery and satisfaction therein will operate as a bar to any further claim of damage against the others. Cain v. Quannah Light & Ice Co., 131 Okl. 25, 267 P. 641."

In Cain, supra, an exhaustive opinion was promulgated which thoroughly considered the question of law here involved. There, plaintiff brought an action against Quannah Light & Ice Company, to recover damages for the death of her husband. Decedent sustained his injuries while an employee at a substation of United States Gypsum Company. Quannah Light had erected the substation under contract with Gypsum Company. Plaintiff alleged the substation had been negligently constructed.

Prior to the institution of the action against Quannah Light, plaintiff had filed suit on the identical cause of action against Gypsum Company and recovered judgment which had been satisfied. The judgment

contained the provision that such judgment would be without prejudice to plaintiff's rights to proceed against Quannah Light. Plaintiff argued that she did not intend to recover her full damages in her suit against Gypsum Company; that the judgment was an agreed judgment intended only as a compromise and a release of Gypsum Company, without prejudice to further prosecute her rights against Quannah's right.

The court answered plaintiff's argument thusly: "The question here involved is not a question of plaintiff's intention; it is a question of her legal right to split her cause of action, to apportion her damage, and to recover by separate actions separate portions thereof. Plaintiff had but one cause of action." The court also said that "plaintiff having no legal right to split her cause of action, the court by its judgment could not legally grant such right, if in fact, it so intended. It must be borne in mind that it is not the rendition of the judgment that operates as a bar, but it is the satisfaction thereof. If the court, by its judgment, intended to reserve to plaintiff the right to proceed against this defendant, (Quannah Light) after full and complete satisfaction of the judgment (judgment against Gypsum Company) this portion of the judgment would be inoperative as beyond the power of the court to render."

In the case at bar, plaintiff had one cause of action. By obtaining the judgment against defendant Helt, she attempted to split her cause of action, to apportion her damages, and to recover separately against each defendant. The satisfaction of the judgment against defendant Helt, although such judgment may have been intended to be a partial judgment and was by agreement, operated as a bar to further prosecution of her claim against garnishee's insured. The reservation in the judgment granting plaintiff the right to proceed against garnishee's insured was inoperative as beyond the power of the court to render.

We hold that the judgment and stisfaction thereof against defendant Helt, oper-

ated as a bar to further prosecution of her claim against garnishee's insured.

Decision of the Court of Appeals reversed; and judgment of the trial court affirmed.

BERRY, C. J., DAVISON, V. C. J., and WILLIAMS, JACKSON, LAVENDER, McINERNEY and BARNES, JJ., concur.

HODGES, J., dissents.