Peter and Donna **SCHAFFER**, husband and wife, Appellants,

v.

C. Jack **HARRIS**, Appellee.

No. 46886.

Court of Appeals of Oklahoma, Division 2.

Sept. 23, 1975.

Released for Publication by Order of Court of Appeals Oct. 16, 1975.

Lee Witcher, Oklahoma City, for appellants.

Bay, Hamilton, Renegar & Lees, Oklahoma City, for appellee.

BRIGHTMIRE, Judge.

Tenants of a Drexel Square apartment filed suit alleging two causes of action against the landlord to recover: (a) damages for being disturbed by a "cracking" sound emanating from the apartment heating system, and (b) return of a wrongfully withheld "pet deposit." From an "Order Nunc Pro Tunc" dismissing the action tenants appeal.

Appellants designated three record items for this appeal: (1) The first amended petition filed June 19, 1973; (2) The demurrer to first amended petition filed August 8, 1973; and (3) The order nunc pro tunc filed September 9, 1974. There was no counter-designation.

■ This is another one of those appeals seeking review of a record reflecting incoherent proceedings below. To begin with, we do not know when this action was commenced. Though the original petition is not in the record we infer the case started with one being filed from the fact that we are asked to pass on a dismissal of the "First Amended Petition." And while the latter petition alleges reliance on the terms and conditions of a lease which it recites is "attached and marked Exhibit 'A'," we have searched in vain for it. Its absence results in at least 95 percent of appellants' four-page brief[1] being based on material outside the record.

The next thing we notice is an absence of an order reflecting a ruling on the demurrer filed August 8, 1973—a demurrer challenging the sufficiency of the "First Amended Petition" and asking that it be dismissed. The only order in the record is one filed September 9, 1974, reading exactly as follows:

## "ORDER NUNC PRO TUNC

"This matter comes on to be heard before me, the undersigned Judge of the District Court, on the 19th day of July, 1974 upon plaintiff's application for Order Nunc Pro Tunc.

"The Court being fully advised in the premises finds that *Demurrer to the plaintiff's Petition* should be sustained and that plaintiff has elected to stand on his Petition and appeal from the sustaining of the defendant's Demurrer herein.

"THEREFORE, IT IS ORDERED ADJUDGED AND DECREED by the Court that the above case *should have been* and is hereby dismissed in this Court and the effective date of this Order should be the September 30, 1973.

"s/ Carmon C. Harris
JUDGE"

(emphasis added)

■ One wonders what there is about the order that makes it nunc pro tunc—now for then? Presumably the reader is supposed to assume that prior to July 19, 1974, the court made a ruling or something which is now being reduced to writing. But the fact is that after reciting "that [a] Demurrer to the plaintiff's *Petition* should be sustained," the order decrees that the case "should have been . . . dismissed [on] . . . September 30, 1973." The result became more nearly a "tunc pro nunc" order, which besides being illegal gives no hint as to just why the case should have been dismissed on September 30. Certain it is that afterthought decisions may not be handed down and recorded as "nunc pro tunc" orders. The office of such an order is restricted to correcting the record to accurately reflect what was

---

1. We use this term loosely because appellants' "brief," both in form and substance, contravenes Rules of the Supreme Court of Oklahoma, Rules 13, 14, 15 and 19, 12 O.S. 1971, Ch. 15 App. 1. It is a Xerox copy, typewritten on legal size (8½ x 14 inch) paper without title page or index, fastened with a single staple at the top.

actually ordered, adjudged, or done at some earlier time. *Cartwright v. MFA Mut. Ins. Co.,* Okl., 499 P.2d 1380 (1972).

 Consequently on July 19, 1974, the court had no power to dismiss the action merely because that is what it should have done nearly a year before. And no less illegal was the attempted dismissal of "the case" on the ground the "petition" stated no cause of action because such petition had been by then already superseded by an amended petition. Therefore the July 19, 1974 order being void is hereby vacated and the cause remanded for further proceedings.[2]

NEPTUNE, P. J., and BACON, J., concur.

Released for Publication by Order of Court of Appeals Nov. 20, 1975.

2. We have to assume this is the order from which tenants are appealing because it is the only one in the record and the only one designated, notwithstanding statement in petition in error that "the court sustained a demurrer to the first amended petition filed . . . on the 31st day of August, 1973."