CITY OF TULSA, Oklahoma, a Municipal Corporation, Appellees,

v.

Edgar B. CRAIN and L. C. Crain, Appellants.

No. 49186.

Supreme Court of Oklahoma.

Jan. 10, 1978.

Waldo F. Bales, City Atty. by David L. Pauling, Asst. City Atty., Tulsa, for appellees.

Berringer, Briggs, Patterson & Eaton by A. A. Berringer, Tulsa, for appellants.

DOOLIN, Justice:

City of Tulsa (Tulsa) filed the present proceeding seeking a permanent mandatory injunction. Tulsa sought to require defendants to comply with certain requirements set forth by the Tulsa Board of Adjustment (Board) in two earlier orders granting defendants zoning exceptions to erect two buildings on their property. In the alternative Tulsa sought removal of a building constructed by defendants as an expansion of their already non-conforming use, in violation of Tulsa's zoning ordinances.

Defendants operated an automobile salvage business on certain property on the north edge of Tulsa. This use pre-dated zoning ordinances passed in 1957 limiting the use of the property in the area to residential. These regulations did not permit the creation of a new salvage business, but would allow the continued existence of the salvage business as a legal non-conforming use. This use could not be expanded without the approval of Board.

In 1962, defendants applied to Board to extend their non-conforming use to erect a garage and body shop. The application was approved, conditioned upon the removal of old car bodies and other "junk" on the premises. In 1966, defendants filed another application to erect a storage building on the property. This application was also granted subject to the removal of the salvage automobiles. The Board's ruling stated the building was not to be erected until the lot was cleaned. These rulings by the Board were not appealed.

In 1974, Tulsa filed a petition alleging defendants to be in violation of the Tulsa ordinances, in that a building had been erected on the property in 1966, in violation of the conditions set forth by the Board. Tulsa requested a permanent mandatory injunction ordering defendants to comply with the requirements of the Board or in the alternative to order removal of all non-conforming structures.

Testimony at trial indicated the property had not been cleaned up. In fact, apparently the situation had worsened. Without complying with Board's ruling, defendants had expanded their non-conforming use by moving in an old carwash building to use for storage.

After hearing, the trial court found erection of the additional building directly violated Tulsa's ordinance, and ordered its removal.

Defendants appeal, claiming this judgment is in error in that it is not supported and is inconsistent with the pleadings and the evidence. They further claim because the Tulsa ordinances provide for a fine [1] for ordinance violations, Tulsa has no

---

1. Tulsa—Rev. City Ordinances Title 42 § 1520 provides:

"Any person violating any provisions of this Code or failing to comply with any of its requirements, including violations of conditions and safeguards established in connec-

tion with grants of variances or special exceptions, shall be deemed guilty of an offense and upon conviction thereof, shall be fined not more than $100.00 and each day's violation thereof shall constitute a separate offense.

right to the equitable remedy of injunction. Their third claim of error is that suit was barred by laches. This last claim, however, was first espoused in defendants' brief on appeal so it will not be considered by this court.[2]

[redacted] The Tulsa ordinance providing for a penalty for violation also states "(N)othing herein contained shall prevent City of Tulsa or its authorized officials from taking other action, authorized by law, to remedy violation." Further 11 O.S. 1971 § 409 provides:

> "In case any building or structure is erected, constructed, reconstructed, altered, repaired, converted or maintained; or any building, structure or land is used in violation of this Act or of any ordinance or other regulation made under authority conferred hereby, the proper local authorities of the municipality, or any other person affected thereby, in addition to other remedies, may institute any appropriate action or proceedings to prevent such unlawful erection, construction, reconstruction, alteration, repair, conversion, maintenance or use, to restrain, correct or abate such violation, to prevent the unlawful occupancy of said building, structure or land, or to prevent any illegal act, conduct, business or use in or about such premises."

Under these laws the fact the zoning ordinance provides a penalty does not preclude Tulsa from obtaining a judgment enjoining defendants' violation of the ordinances and mandating the removal of any structure constructed in violation of the ordinance.[3] Violation of an ordinance is an injury to the city and its citizens and a continuing ordinance violation is an injury for which injunctive relief is available.[4]

[redacted] Uncontroverted evidence shows the Board's conditions were not met and the defendants expanded the use of the property by the erection of the building. Defendants admit non-conforming use and that they did not accept or comply with the conditions specified by Board. In effect they confess the building was illegally erected. They claim because they did not accept the Board's ruling and thus its conditions, they were not binding upon them. Therefore, they submit, Tulsa's allegations and proof of non-compliance do not support the judgment.

This argument is a non sequitur. The Board's rulings are final. Whether defendants did or did not accept these rulings, they are in violation of Tulsa zoning ordinances. The only way they could have legally constructed the building in 1966, was by obtaining approval by Board for an expansion of their already non-conforming use.[5] These qualifications were not met. Defendants are in violation of Tulsa law. The injunction was properly issued.

AFFIRMED.

HODGES, C. J., LAVENDER, V. C. J., and WILLIAMS, IRWIN, BERRY and BARNES, JJ., concur.

[redacted]

Nothing herein contained shall prevent the City of Tulsa or its authorized officials from taking other action, authorized by law, to remedy violation."

2. *Harrell v. Horton*, 401 P.2d 461 (Okl.1965).

3. See *Donovan v. City of Santa Monica*, 88 Cal.App.2d 386, 199 P.2d 51 (1949).

4. *Semke v. State ex rel. Oklahoma Motor Vehicle Commission*, 465 P.2d 441 (Okl.1970).

5. See Tulsa Revised Ordinances Title 42 § 8(b).