Shawn BRIGANCE and Earle Brigance, Individually, and as parent and natural guardian of Shawn Brigance, Plaintiffs/Respondents,

v.

The VELVET DOVE RESTAURANT, Richard Stubbs, and Jerry Rimele, Defendants/Petitioners.

No. 67710.

Supreme Court of Oklahoma.

June 14, 1988.

Ernest J. Istook, Jr., Istook & Associates, P.C., Oklahoma City, for plaintiffs/respondents.

Scott M. Rhodes, Paul B. Middleton, Huckaby, Fleming, Frailey, Chaffin & Darrah Oklahoma City, for defendants/petitioners.

SUMMERS, Justice.

The basic question in this appeal of a certified interlocutory order is whether the satisfaction of a judgment recovered by a plaintiff against a tortfeasor in federal court operates as a defense as to further proceedings in state court by the plaintiff for the same injuries against a separate but concurrent tortfeasor. We hold that it does and order the plaintiff's case dismissed.

The facts of this case are reported in *Brigance v. Velvet Dove Restaurant, Inc.,* 725 P.2d 300 (Okl.1986) (*Brigance I*). Shawn Brigance and his father Earle Brigance brought an action against the restaurant, its principal stockholder, and its employee for negligence in serving alcoholic beverages to one Jeff Johnson, alleged to have been a noticeably intoxicated person. After leaving the Velvet Dove Shawn was injured in a one car accident while riding as a passenger in the car driven by Jeff Johnson.

In *Brigance I* we held for the first time that one who sells intoxicating beverages for on-the-premises consumption has a duty to exercise reasonable care not to sell liquor to a noticeably intoxicated person. The trial court's order sustaining Velvet Dove's demurrer was thus reversed, and the case was remanded to the District Court of Oklahoma County.

In the meantime the Brigances had been litigating in federal court. On June 7, 1983 (some four and one-half months before suing Velvet Dove in state court) they had filed their federal court complaint against Jeff Johnson, the driver. That case came on for jury trial on December 20 of that year and resulted in a plaintiff's verdict for $4000.00 plus costs and interest. Then the following events occurred:

February 24, 1984—The trial court in the state court case sustained Velvet Dove's demurrer to the petition, and plaintiffs elected to stand thereon.

March 26, 1984—The plaintiffs filed their petition-in-error in appeal from the February 24 Order, positing jurisdiction in this court alone.

April 23, 1984—The plaintiffs, by an agreed to Order, accepted $4235.10 from the federal court defendant "in full satisfaction of the judgment entered herein on December 20, 1983."

July 8, 1986—We reversed the state court order of February 24, 1984, holding that plaintiffs had pled a cause of action against the defendant Velvet Dove (*Brigance I*), and remanded the case for further proceedings.

July 31, 1986—Velvet Dove filed in the state district court its motion to dismiss, or in the alternative motion for summary judgment, on the basis that satisfaction of the judgment against Johnson operated as a defense to further action against Velvet Dove.

October 17, 1986—The state trial court denied Velvet Dove's motions but certified that ruling for interlocutory appeal. We have accepted the appeal by granting the petition for certiorari, and have stayed the proceedings below.

■ The cause of action against a commercial vendor of intoxicating beverages for on-the-premises consumption recognized in *Brigance I* is governed by the principles of negligence. In *Green v. Sellers,* 413 P.2d 522 (Okl.1966) we stated the following:

"It is axiomatic that concurrent negligence involves acts of negligence of two or more persons which, although concert is lacking, combine to produce a single injury." *Id.* 413 P.2d at 528.

Tortfeasors are classified as "concurrent tortfeasors" where their independent acts concur to produce a single or indivisible injury. *Seattle First National Bank v. Shoreline Concrete Co.,* 91 Wash.2d 230, 588 P.2d 1308 (1978). In a case such as this the commercial vendor's act of selling or furnishing an intoxicating beverage for

on the premises consumption to a noticeably intoxicated person concurs with the acts of the intoxicated driver to produce the single or indivisible injury resulting from the automobile collision. *Flagg v. McCann,* 498 N.E.2d 76 (Ind.App.1986); *Manthei v. Heimerdinger,* 332 Ill.App. 335, 75 N.E.2d 132 (1947).

In *All American Bus Lines v. Saxon,* 197 Okl. 395, 172 P.2d 424 (1946), we stated the following:

> "It is well settled that although concert is lacking, the separate and individual acts of negligence of several persons, if the acts are combined to produce directly a single injury, each defendant is responsible for the entire result, even though a defendant's act of negligence alone might not have caused the injury." *Id.* 172 P.2d at 429.

We stated this rule again in *Boyles v. Oklahoma Natural Gas Co.,* 619 P.2d 613, 617 (Okl.1980).

> "Even though concert among the tortfeasors was lacking and the act of one codefendant alone may not have brought about the result, each is at common law responsible for the entire damage."

Where liability is joint and several, the injured party may institute several suits against the multiple tortfeasors, but satisfaction of a judgment against one of the tortfeasors bars a judgment against the other tortfeasors. *Powell v. Powell,* 370 P.2d 909 (Okl.1962); *Cain v. Quannah Light and Ice Co.,* 131 Okl. 25, 267 P. 641 (1928).

In *Cartwright v. MFA Insurance Co. of Columbia, Missouri,* 499 P.2d 1380 (Okl. 1972) we quoted with approval from *Cain v. Quannah Light and Ice Co.,* supra.

> "Although several separate suits may be brought for a joint liability, yet, where the injury is an entirety, the damage resulting therefrom cannot be apportioned among the wrongdoers, nor divided into separate demands; and, where the injured party sues one of the wrongdoers, and demands only a part of the damage which he suffered by the injury, a recovery and satisfaction therein will operate as a bar to any further claim of

damage against the others." *Id.* 499 P.2d at 1383.

The satisfaction of the federal court judgment against Johnson thus bars a subsequent judgment against the concurrent tortfeasor, Velvet Dove.

■ Brigance contends that Velvet Dove did not raise in a timely manner the defense of the satisfaction of the federal court judgment. The date of the order appealed from in *Brigance I* was February 24, 1984, and the petition in error was filed March 26, 1984. The judgment in Federal Court was rendered on December 20, 1983. However, the date of the agreed order to disburse funds to satisfy the judgment was not until April 23, 1984.

It is the satisfaction of the prior judgment which acts as a bar. *Tulsa v. Wells,* 191 P. 186 (Okl.1920). Satisfaction of the federal court judgment did not occur until after jurisdiction over the cause in *Brigance I* had been transferred to this Court on appeal. The opinion in *Brigance I* was filed on July 8, 1986, and the satisfaction of the federal court judgment was then for the first time raised here by the defendants' petition for rehearing.

But a defendant may not effectively raise a defense for the first time in an appeal to this Court, *City of Tulsa v. Crain,* 573 P.2d 707, 709 (Okl.1978), let alone in a petition for rehearing. *Brown v. State Election Board,* 369 P.2d 140 (Okl. 1962). Raising in this Court the defense of a prior satisfaction of judgment is improper where it had not been raised in the lower court. And because the petition in error established jurisdiction in this court alone prior to the fact of the satisfaction of the judgment, such could not have been properly tendered to the trial court. However, nothing prohibited raising the defense on remand, and that is what the defendant promptly did.

*Brigance I* was before this Court on the district court's dismissal of the petition on the sustaining of a demurrer. On remand, Velvet Dove raised the defense in a "motion to dismiss or, in the alternative, motion for summary judgment." The district court denied the motion, but certified the

order for interlocutory appeal. Velvet Dove then raised the defense in its answer. This Court granted certiorari to review the certified interlocutory order. Presentation of defenses in a motion to dismiss and subsequent answer is the accepted practice for raising and preserving defenses. 12 O.S.Supp. 1984, §§ 2008, 2012.

Velvet Dove was not a party to the federal court action. It did not waive the defense by failing to raise it earlier, but rather raised the defense of satisfaction of the prior judgment when the defense first became available: on remand to the trial court after *Brigance I.*

■ Brigance contends that because Velvet Dove raised the defense of satisfaction of the federal court judgment on rehearing in *Brigance I,* Velvet Dove could not subsequently raise the issue due to the principles of *res judicata* and "law of the case." For reasons already stated herein the opinion in *Brigance I* did not (and could not) decide the issue of whether the satisfaction of the federal court judgment operated to bar further litigation against Velvet Dove. Where an issue is raised, but not reached by a reviewing court, the doctrine of law of the case does not apply. *Mobbs v. City of Lehigh,* 655 P.2d 547 (Okl.1982). Nor does the doctrine of *res judicata* come into play here, since the matter could not have been properly adjudicated by this court on rehearing in *Brigance I.* See *Mobbs v. City of Lehigh,* supra.

■ Brigance contends that 12 O.S. 1981, § 832(H) prohibits Velvet Dove from raising the satisfaction of the federal court judgment as a defense. The statute provides:

H. When a release, covenant not to sue or a similar agreement is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death

1. It does not discharge any of the other tort-feasors from liability for the injury or wrongful death unless its terms so provide; but it reduces the claim against others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and

2. It discharges the tort-feasor to whom it is given from all liability for contribution to any other tort-feasor. 12 O.S. 1981, § 832(H).

While admitting that § 832(H) "has no direct language regarding judgments collected from one tortfeasor," Brigance nonetheless asserts that § 832(H) supports a legislative intent that a discharge of one tortfeasor is not to discharge from liability a joint or concurrent tortfeasor.

It is presumed that the language of a statute expresses the intent of the Legislature and that the Legislature intended what is so expressed. *Fuller v. Odom,* 741 P.2d 449 (Okl.1987). Section 832(H) is clear and unambiguous, and rules of statutory construction are not applied where the Legislature plainly expresses its intent. *Duesterhaus v. City of Edmond,* 634 P.2d 720 (Okl.1981). Section 832(H) deals with "a release, covenant not to sue, or similar agreement." It does not relate to a judgment and satisfaction thereof, and does not operate to alter the long standing case law on that subject referred to herein.

■ Finally, Brigance contends that an action for punitive damages against Velvet Dove is not barred by the satisfaction of the federal court judgment because Brigance dismissed a punitive damage claim against Johnson in the federal court. This argument is without merit. It is settled law in Oklahoma that punitive damages are not recoverable unless actual damages are allowed and recovered. *Davidson v. First Bank and Trust Co., Yale,* 609 P.2d 1259 (Okl.1977); *State ex rel. Southwestern Bell Telephone Co. v. Brown,* 519 P.2d 491 (Okl.1974). Additionally, we have ruled that where the injured party sues one of his tortfeasors and demands only a part of his damages, a recovery and satisfaction thereof will bar any further claim against the other. *Cartwright v. MFA,* supra; *Cain v. Quannah Light and Ice,* supra.

Velvet Dove in timely fashion raised the defense of the satisfaction of the federal court judgment on a motion to dismiss, or in the alternative, motion for summary

judgment. The satisfaction is recognized by all parties. All parties agree that the federal court action litigated the liability of the intoxicated driver for the injuries sustained by Brigance.

Satisfaction of the judgment against the concurrent tortfeasor, Johnson, in the federal court action, bars an action by Brigance against Velvet Dove for the negligent serving of alcoholic beverages to Johnson. The interlocutory order certified for review is vacated, and the cause is remanded to the district court with directions to enter judgment for the defendants.

DOOLIN, C.J., HARGRAVE, V.C.J., and HODGES, LAVENDER, SIMMS, ALMA WILSON, and KAUGER, JJ.

OPALA, J., concurs in part, dissents in part.