Dear Executive Director Blackburn,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
What is meant by the phrase "approved by the appointingauthority" in 74 O.S. Supp. 2004, § 9030.5(A)(2) of theOklahoma Art in Public Places Act, which provides that theallocation required for funding the Act shall be "applicable toall state agency capital projects approved by the appointingauthority after September 1, 2004?"
 The Oklahoma Art In Public Places Act Was Created To Enhance Public Construction And Encourage State Cultural Development .
¶ 1 In 2004 the Oklahoma Legislature enacted the Oklahoma Art in Public Places Act ("Act"). See 2004 Okla. Sess. Laws ch.254, §§ 1-8 (codified at 74 O.S. Supp. 2004, §§ 9030-9030.7[74-9030-9030.7]);see also 2004 Okla. Sess. Laws ch. 400, § 2 (amending 74 O.S.Supp. 2004, § 9030.5[74-9030.5]). The Act reflects the Legislature's recognition of Oklahoma's responsibility "to foster culture and the arts." Id. § 9030.1(A). The Act "declares that a portion of expenditures for capital projects including, but not limited to, bond issues for state construction be set aside for the acquisition of works of art to be placed in public construction or on public lands." Id. The stated purpose of the Act is to "enhance public construction and encourage state cultural development." Id. § 9030.1(B). The Legislature placed the administration of the Act in the hands of the Oklahoma Historical Society, and authorized that agency to promulgate rules to administer the Act. Id. § 9030.1(C).
¶ 2 The Act was originally approved May 5, 2004 and provided for an effective date of July 1, 2004. 2004 Okla. Sess. Laws ch. 254, § 9. In the same legislative session the Legislature amended Section 9030.5, changing the date by which approval is required by the appointing authority from July 1, 2004 to September 1, 2004. See 2004 Okla. Sess. Laws ch. 400, § 2.
¶ 3 The Act establishes a process for commissioning and funding art to be placed in public construction or on public lands. 74O.S. Supp. 2004, § 9030.1[74-9030.1](A). It created the Art in Public Places Oversight Committee to, among other things, "[d]evelop methods of selection of artists, criteria for selection, final approval of site projects, maintenance and repair of works of art, and periodic evaluation of the Program." Id. § 9030.3(D)(3). The Act requires that a site committee be appointed for each project to make recommendations to the Oversight Committee regarding "selection of the location for the artwork, media for the artwork, artist selection, development of a project-specific educational program for tourism and public school curriculum, and coordination of the dedication ceremony."Id. § 9030.4(A)(3). The Act provides that, "[u]pon completion of installation and final acceptance, any work of art commissioned shall become property of the State of Oklahoma."Id. § 9030.4(B).
 Funding For The Oklahoma Art In Public Places Act Is Provided By Allocations From State Agency Capital Projects Approved After September 1, 2004, By The Appointing Authority Of The Particular Entity Initiating The Project.
¶ 4 Your question relates to the portion of the Act governing funding by state agencies, departments, boards, councils and commissions, referred to collectively herein as governmental entities. Funding for the Act is authorized at Section 9030.5, which in pertinent part provides:
 A. 1. All state agencies, including institutions within The Oklahoma State System of Higher Education, all state departments, boards, councils, and commissions shall allocate, as a nondeductible item out of any expenditures for capital projects including, but not limited to, bond issues for state construction excluding costs for bond issuance and related reserves, an amount of one and one-half percent (1½%) of the expenditure to the Oklahoma Historical Society for the purpose of funding the Oklahoma Art in Public Places Act, except as otherwise provided by subsection B of this section.
 2. The maximum assessment for any project shall not exceed Five Hundred Thousand Dollars ($500,000.00). This assessment shall not apply to any private donations for a capital project. This allocation shall be applicable to all state agency capital projects approved by the appointing authority after September 1, 2004. The works of art commissioned pursuant to the Oklahoma Art in Public Places Act may be placed on public lands, integral to or attached to a public building or structure, or detached within or outside a public building or structure.
Id. (emphasis added). As reflected in the Act's purpose, this Section requires that all governmental entities incurring expenditures for capital projects are required to allocate an amount of one and one-half percent of the expenditure, with a maximum assessment of $500,000.00, to the Oklahoma Historical Society for funding the Oklahoma Art in Public Places Act. This allocation is "applicable to all state agency capital projects approved by the appointing authority after September 1, 2004."Id. § 9030.5(A)(2).
¶ 5 You ask the meaning of the provision of the Act rendering the allocation applicable to "capital projects approved by the appointing authority after September 1, 2004." Id. § 9030.5(A)(2). Your question arises as situations may occur where an agency engaged in renovation or construction projects requires approval from another entity, such as the Department of Central Services, before final approval of a project. There may also be situations where an entity such as the Oklahoma Capitol Improvement Authority will own a particular project and lease it to an agency until bonds are satisfied. Thus, you ask what is meant by the term "appointing authority" and what is required for a capital project to be "approved."
¶ 6 "Appointing authority," as defined by Section 9030.2(6), means "the Director or designee of the Project Agency[.]" "Project agency" is then defined as "institutions within The Oklahoma State System of Higher Education or the department, board, commission, institution, or agency of the state subject to the Oklahoma Art in Public Places Act." Id. § 9030.2(8). Section 9030.5(A) of the Act further discusses these same entities, requiring them to allocate one and one-half percent of their expenditures for capital projects to the Oklahoma Historical Society for the purpose of funding the Act. "Project" was also defined to mean "any capital expenditure, including, but not limited to, bond issues, with the purpose of renovating or constructing public buildings costing Two Hundred Fifty Thousand Dollars ($250,000.00) or more[.]" Id. § 9030.2(7).
¶ 7 Applying these definitions, we conclude that the allocation required by Section 9030.5 is triggered when the specific capital project is approved by the director or designee of the particular governmental entity initiating the capital project. The term "approved" is modified by the phrase "by the appointing authority" and does not require approval by some other entity.Id. § 9030.5(A)(2). The Legislature did not use the term "final approval" as it did elsewhere in the Act. See id. § 9030.4(3) (the Legislature used the term "final approval" when referring to the requirement that the "site committee shall report back to the Oversight Committee which has final approval authority"). Id.
(emphasis added).
¶ 8 "It is presumed that the language of a statute expresses the intent of the Legislature and that the Legislature intended what is so expressed." Brigance v. Velvet Dove Rest.,756 P.2d 1232, 1235 (Okla. 1988). "[R]ules of statutory construction are not applied where the Legislature plainly expresses its intent."Id. The Legislature has recognized the concept of requiring final approval by another entity yet did not require such approval in this case. Had the Legislature intended that a capital project have final approval by the September 1, 2004 date, it could have required such. Rather, the Legislature chose to determine the timing for triggering the allocation based on approval by the director or designee of the governmental entity initiating the capital project. Thus, the statute speaks for itself and no further statutory construction is necessary.
¶ 9 What constitutes approval in any particular situation is a fact question dependent on the practices and procedures of the individual governmental entity. Such fact questions are outside the parameters of an Attorney General Opinion. 74 O.S. 2001, §18b[74-18b](A)(5).
¶ 10 Thus, governmental entities that fall within the Act and undertake capital projects with expenditures of $250,000.00 or more are required to contribute one and one-half percent of the expenditure to the Oklahoma Historical Society for funding the Act, if the project of the governmental entity is approved by the director or designee of the governmental entity after September 1, 2004.
¶ 11 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. The Oklahoma Legislature enacted the Oklahoma Art in Public Places Act, 74 O.S. Supp. 2004, §§ 9030.1[74-9030.1] through 9030.7, to "enhance public construction and encourage state cultural development." Id. § 9030.1(B).
 2. The Oklahoma Art in Public Places Act requires that "[a]ll state agencies, including institutions within The Oklahoma State System of Higher Education, all state departments, boards, councils, and commissions," shall allocate one and one-half percent of the expenditure from capital projects, including but not limited to bond issues for state construction, to the Oklahoma Historical Society to fund the Oklahoma Art in Public Places Act. Id. § 9030.5(A)(1).
 3. This allocation applies to "all state agency capital projects approved by the appointing authority after September 1, 2004." Id. § 9030.5(A)(2). The "appointing authority" in this context is the director or designee of the particular agency, department, board, commission or council, including institutions within The Oklahoma State System of Higher Education, initiating the capital project for the purpose of renovating or constructing public buildings costing $250,000.00 or more. Id. § 9030.2(6), (8). Any capital projects approved by that director or his or her designee after September 1, 2004, are subject to the one and one-half percent allocation required by the Act. Id. § 9030.5(A)(2). What constitutes approval by any particular governmental entity is a fact question dependent on the practices and procedures of that individual entity. Such fact questions are outside the parameters of an Attorney General Opinion. 74 O.S. 2001, § 18b(A)(5).
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 SANDRA D. RINEHART Senior Assistant Attorney General