**J. A. WOODWORTH and B. D. Elliott, Appellants,**

v.

**TACOMA YACHT CLUB, Appellee.**

**No. 20334.**

United States Court of Appeals
Ninth Circuit.

May 9, 1967.

Richard F. Allen, of Evans, McLaren, Lane, Powell & Moss (now Lane, Powell, Moss & Miller), Seattle, Wash., for appellants.

Vincent L. Gadbow, Davies, Pearson, Anderson & Pearson, Tacoma, Wash., for appellee.

Before CHAMBERS, MERRILL and KOELSCH, Circuit Judges.

CHAMBERS, Circuit Judge:

Woodworth and Elliott are boating members of the Tacoma Yacht Club. They kept their boats in their own boathouse moored in the club's yacht harbor in Puget Sound. They paid moorage fees to the club.

In December, 1961, some of the boathouses had to be moved because of pile driving operations in the area of the Sound under the club's control. The club's servants moved the Woodworth-Elliott boathouse and boats to the adjoining Mojean float area. Mojean was a

488

sub-lessee of his commercial area from the club.

Two days after the move was accomplished, a storm destroyed the Woodworth-Elliott boathouse and severely damaged the two boats. This case followed, grounded in the admiralty jurisdiction of federal courts.

 The district court found that the club's servants were the negligent cause of the damage and that Woodworth and Elliott were not contributorily negligent. Opposite findings were also possible under the evidence. From where we sit, we cannot say the findings as made by the trial court were clearly erroneous.

But the district court found the club was excused from liability because of the exculpatory clauses on boats at the root of members' applications for membership and moorage. We accept the district court's determination, after argument, that Woodworth and Elliott were subject to the clauses, just as other members were, for whatever the consequences were.

In pertinent part the applicable clauses read: " * * *, I agree that I will save the Tacoma Yacht Club harmless from any and all liability in the event of damage and/or loss of any kind or description whatsoever to my boat * * * while the same is moored * * * upon the premises of said Yacht Club." and "The responsibility for the care and safety of my boat shall be upon myself at all times, and no action of or service by any employee or officer of the Club shall in any way be construed as an acceptance by the Club of any such responsibility."

This is not a case where exculpatory clauses should be dealt with severely because of the unequal bargaining power of the parties. Woodworth and Elliott did not have to join the club.

 But even though the two clauses appear in separate documents, we think they must be read together. We hold that the clauses lost their effectiveness when the boathouse and boats were moved to the adjoining public moorage of Mojean by the club. Washington law is clear on the point that exculpatory clauses of contracts will not be construed to include areas not specifically described. Feigenbaum v. Brink, 66 Wash.2d 125, 401 P.2d 642. Here the premises described in one clause were those of the club and not those of the neighboring public moorage. In the other clause, no premises were described.

We are unable to find that the club was in any better position because it, as lessee, had subleased the Mojean area to him. Mojean's operation of the public moorage was completely independent of appellee's yacht club. The two operations were separate in management and area and each catered to a different clientele. While some members of the yacht club bought gasoline and other maritime supplies from Mojean, they were under no obligation to patronize him. We view it the same as if both had leased their areas from a common owner.

Further, we point out that the exculpatory clause did not refer to the Woodworth-Elliott boathouse, only the boats. About half of the damages involved the loss of the boathouse.

Judgment reversed.