No. 28129
No. C-1554

**In Re Question Submitted by the United States District Court for the District of Colorado Concerning Section 13-50.5-101, C.R.S. 1973, in Civil Action No. 28129 Entitled John A. Coniaris v. Vail Associates, Inc., a Colorado Corporation v. Bell Maschinenfabrik, A.G., a Swiss Corporation, and St. Egydyer Stahl & Drathwerke, an Austrian Corporation**

(586 P.2d 224)

Decided October 23, 1978.                    Rehearing denied November 27, 1978.

Weller, Friedrich, Hickisch & Hazlitt, Geoffrey S. Race; Holme, Roberts & Owen, Charles J. Kall, for Vail Associates, Inc.

Margaret Bates Ellison, Theodore S. Halaby, for Bell Maschinenfabrik, A.G.

Tilly and Graves, Charles Q. Socha, for St. Egydyer Stahl & Drathwerke.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

A question of law was certified to us by Chief Judge Fred M. Winner of the United States District Court for the District of Colorado. C.A.R. 21.1. We elected to answer the question which was submitted to us

in the following form:

"Does the Uniform COntribution Among Tortfeasors Act [Colo. Sess. Laws 1977, ch. 195, sec. 1, 13-50.5-101, *et seq.* at 808] apply to a satisfaction of a judgment or a settlement made or entered into on and after July 1, 1977, when the settled case arose as a result of an injury-causing act or omission which occurred before June 30, 1977, (the effective date of the Act)?"

The question is answered in the affirmative.

The cases in the federal court which caused the question to be certified to us arose as a result of a March 26, 1976, gondola crash at Lionshead, Vail, Colorado. Four people were killed and eight injured in the crash. The owner and operator of the gondola was Vail Associates, Inc. Bell Machinenfabrick, A.G., a Swiss corporation, designed, manufactured, and sold the gondola system to Vail Associates. St. Egydyer Stahl and Drathwerke, an Austrian corporation, manufactured and sold the track cable.

Eleven lawsuits were filed to recover damages from Vail Associates, Inc., Bell Maschinenfabrik, A.G., and St. Egydyer Stahl and Drathwerke. Eight were filed in the United States Court for the District of Colorado.

Vail Associates, Inc. settled certain of the claims and is seeking contribution from Bell Maschinenfabrik, A.G., and St. Egydyer Stahl and Drathwerke. The right of Vail Associates to obtain contribution depends upon our interpretation of the Uniform Contribution Among Tortfeasors Act (hereinafter "Act").

The Act was enacted on June 2, 1977, Colo. Sess. Laws. 1977, ch. 195, sec. 1, 13-50.5-101, *et seq.* The Act changed the law of Colorado relating to contribution among joint tortfeasors. Prior to the Act, one of several joint tortfeasors could not obtain contribution from a co-tortfeasor after he obtained a satisfaction of judgment and bore the responsibility for the damage suffered by the plaintiff. *Hamm v. Thompson,* 143 Colo. 298, 353 P.2d 73 (1960).[1]

The key issue in this case centers on Section 2, which provides:

"*Effective date — applicability.* This act shall take effect July 1, 1977, and shall apply to *events* occurring on and after that date." (Emphasis added.)

In this case, the injuries, deaths, and damages which came about as a result of the gondola crash occurred prior to the effective date, but the settlement was made after the effective date. The question presented is whether the "events" which cause the statute to be applicable are those

---

[1] In a philosophical vein similar to that taken by the legislature, in the Comparative Negligence Statute, section 13-21-111, C.R.S. 1973 (1976 Supp.), a tortfeasor who has satisfied a judgment or paid a settlement may now seek contribution from his co-tortfeasors for any payment he has made above his pro rata share.

surrounding the underlying tort, or the judgment, settlement, or release which may serve as a predicate for a claim of contribution.

Authority exists which would justify a conclusion that Vail Associates cannot seek contribution from those charged as joint tortfeasors because the damage which occurred was caused by the gondola crash on March 26, 1976, which was before the effective date of the Act. The word "event," as set forth in Section 2, would thus be tied to the tortious act and not the settlement. *See, e.g., Distefano v. Lamborn,* 46 Del. 195, 81 A.2d 675 (1951); *Klaas v. Continental Southern Lines,* 225 Miss. 94, 82 So.2d 705 (1955); *Coos-Curry Electric Cooperative, Inc. v. Curry County,* 26 Ore.App. 645, 554 P.2d 601 (1976); *Brunyer v. Salt Lake County,* _____Utah _____, 551 P.2d 521 (1976); *but see Bushnell v. Sillitoe,* _____Utah _____, 550 P.2d 1284, 1285 n. 2 (1976).

We are persuaded, however, that the cases from the jurisdictions comprising the minority are the better reasoned. *Layne v. United States,* 460 F.2d 409, 411 (9th Cir. 1972) (applying Alaska law); *Augustus v. Bean,* 56 Cal.2d 270, 363 P.2d 873, 14 Cal.Rptr. 641 (1961); *First National Bank v. Steel,* 136 Mich. 588, 99 N.W. 786 (1904); *Deuscher v. Cammerano,* 256 N.Y. 328, 176 N.E. 412 (1931); *Smith v. Fenner,* 399 Pa. 633, 161 A.2d 150 (1960). Those cases stand for the proposition that no cause of action accrues to a joint tortfeasor until there has been a judgment against him or a settlement of the claim. A claim for contribution is an action separate and distinct from the underlying tort. The rights and obligations of the tortfeasors flow, not from the tort, but from the judgment or settlement itself. *Duncan v. Schuster-Graham Homes, Inc.* 194 Colo. 441, 578 P.2d 637, 641 (1978).

In our view, the better reasoned cases look to the occurrence which gave rise to the claim for contribution as being the "event" referred to in Section 2. *Mills v. Standard Title Insurance Co.,* 195 Colo. 281, 577 P.2d 756, 758 (1978). Thus, since each of the settlements or judgments in this case constitutes an "event" referred to in Section 2 and occurred after the effective date of the Act, the Act is binding upon the joint tortfeasors.

MR. JUSTICE GROVES not participating.