**La Jean KELLY and Michael Ellis, Plaintiffs,**

v.

**MID–CENTURY INSURANCE COMPANY, Defendant and Third-Party Plaintiff-Appellant,**

v.

**EMPLOYERS MUTUAL CASUALTY CO., an Iowa Corporation, Third-Party Defendant,**

**and**

**Arthur S. Bowman, Sr., Attorney, Third-Party Defendant-Appellee.**

**No. 82CA1425.**

Colorado Court of Appeals, Div. II.

July 26, 1984.

Rehearing Denied Aug. 23, 1984.

Certiorari Granted Feb. 4, 1985.

Gorsuch, Kirgis, Campbell, Walker & Grover, C. Willing Browne, Mark C. Hansen, Denver, for defendant and third-party plaintiff-appellant.

Burnett & Horan, Myron H. Burnett, Denver, for third-party defendant.

Cooper & Kelley, P.C., Paul D. Cooper, Kim B. Childs, Denver, for third-party defendant-appellee.

KELLY, Judge.

The dispositive issue in this case is whether an order may properly be entered under C.R.C.P. 54(b) finalizing a judgment of dismissal of a third-party complaint based on a claim of contribution under § 13–50.5–101, et seq., C.R.S. (1983 Cum. Supp.) prior to resolution of the issues in the primary action. We hold that the 54(b) order entered by the trial court was improper as a matter of law. Thus, we dismiss the appeal.

La Jean Kelly and Michael Ellis filed this action against Mid-Century Insurance Company for damages for breach of its duty to defend under an insurance policy issued to Karen Sue Hippert's parents. The duty to defend allegedly arose under the policy as a result of litigation concerning an automobile-pedestrian accident in which Kelly was injured when struck by a car driven by Hippert. Ellis was a passenger in the Hippert automobile at the time of the accident.

In the suit brought by Kelly against Ellis and Hippert, Mid-Century provided a defense for Hippert, but refused to defend Ellis after he denied that he was in control of the automobile. Ellis thus retained an attorney, Arthur S. Bowman, Sr., to defend him against Kelly's action. Ellis later discovered that he was insured under policies issued by Employers Mutual Casualty Company to his mother and grandmother, and, although Employers initially denied coverage, it later tendered a defense to Ellis at the trial of Kelly's action. Joint and several judgment was entered in Kelly's favor against Ellis and Hippert.

As a result of the institution of this suit by Kelly and Ellis against Mid-Century, Mid-Century filed a third-party claim against Bowman and Employers Mutual, alleging that Bowman's defense of Ellis was negligent, that Employers Mutual was negligent in failing to settle the claims against Hippert and Ellis, and that Bowman and Employers are, therefore, liable to Mid-Century for contribution under the Uniform Contribution Among Tortfeasors Act, § 13–50.5–101, et seq., C.R.S. (1983

Cum.Supp.). The trial court concluded that the Act is inapplicable under the facts pleaded and that, therefore, Mid-Century had failed to state a claim upon which relief could be based. It accordingly dismissed the third-party complaint.

The trial court subsequently ruled there was no just reason for delay and declared its order of dismissal to be a final judgment in accordance with C.R.C.P. 54(b). The primary action remains unresolved.

■ Pursuant to stipulation, Employers Mutual Casualty Company has been dismissed by this court as a party to this appeal. Neither Mid-Century nor Bowman contends that the trial court's order finalizing the judgment of dismissal for purposes of appeal is improper. Nevertheless, the entry of a proper order under C.R.C.P. 54(b) is a jurisdictional prerequisite to appeal, and accordingly, it is an issue which we are obliged to notice on our own motion. *Harding Glass Co. v. Jones*, 640 P.2d 1123 (Colo.1982).

Ordinarily, "[t]he task of assessing whether there is just reason for delay is committed to the trial court's sound judicial discretion." *Harding Glass Co., supra.* While it is an unusual case in which an appellate court must conclude that there has been an abuse of discretion, such a conclusion is required here as a matter of law.

Our Supreme Court ruled in *In re Question Submitted by U.S. District Court*, 196 Colo. 392, 586 P.2d 224 (1978) that:
"[N]o cause of action accrues to a joint tortfeasor until there has been a judgment against him or a settlement of the claim. A claim for contribution is an action separate and distinct from the underlying tort. The rights and obligations of the tortfeasors flow, not from the tort, but from the judgment or settlement itself."

■ Mid-Century has no third-party claim for contribution against Employers Mutual and Bowman in any event until the entry of judgment against Mid-Century or until the settlement by Mid-Century of the

claim of Kelly and Ellis. There being neither a judgment nor a settlement of the primary claim, the third-party claim has not yet accrued. Appeal of the ruling on the third-party claim was therefore premature, and the trial court erred in concluding that there was no just reason for delay in entering judgment in the third-party action. The 54(b) order being improper, this court is without jurisdiction to decide the merits of the appeal.

The appeal is dismissed.

BERMAN and BABCOCK, JJ., concur.