CACHE NATIONAL BANK, Plaintiff,

v.

Ronald Travis HINMAN, Defendant and Third-Party Plaintiff,

v.

R.T. ANDERS, Malcolm Anderson, George Goodell, Victor R. Nottingham, Will Rothman, E.I. Barvel, Jr., John Schupe, R.K. Schumann, Richard Monfort, John Nigh, Joel Rothman, Barney Flood, and Allan Lord, Third-Party Defendants.

Civ. A. No. 85–M–483.

United States District Court,
D. Colorado.

Feb. 3, 1986.

Walter W. Garnsey, Kelly, Haglund, Garnsey & Kahn, Denver, Colo., for plaintiff.

Glen B. Clark, Jr., Thomas J. Wolf, Neef, Swanson, Myer & Clark, Denver, Colo., for defendant and third-party plaintiff.

Joseph E. Meyer, III, Ted D. Gardenswartz, Pendleton & Sabian, P.C., Denver, Colo., for third-party defendants.

## MEMORANDUM OPINION AND ORDER

MATSCH, District Judge.

The Cache National Bank of Greeley ("the bank") brought this action against its former employee, Ronald Travis Hinman, for a violation of 12 U.S.C. § 84 (setting lending limits for national banking associations) and for negligence and breach of fiduciary duties in authorizing certain loans. During the relevant times, Mr. Hinman served as the bank's executive vice president, president and chief executive officer. He was also a member of the bank's board of directors and a member of the bank's executive loan and discount committee. Jurisdiction is found in 28 U.S.C. §§ 1331 and 1332.

The claims arise from a series of loans and advances which the bank divides into two categories: the Richardson-related loans and the Envirojar-related loans. The Richardson transactions involve loans and approved overdrafts made to a Ronald Richardson and to eight entities for which Richardson served as officer, incorporator, director, and guarantor. The Richardson-related loans are in default totaling $1,620,-479.80 with unpaid accrued interest of $64,-466.57. The Envirojar-related transactions involve loans, now in default, totaling $225,149.64 to several businesses and persons the bank claims are related and which allegedly borrowed for mutual benefit.

The bank alleges that Mr. Hinman, as the bank's loan officer with primary responsibility to authorize loans and overdrafts, recommended and voted for approval of the various loans when he knew or should have known the financial condition of the concerns. The first claim for relief is that the defendant violated 12 U.S.C. § 84 by not aggregating the amounts advanced to the Richardson-related entities and the Envirojar-related entities and in applying the bank's lending limits. The bank claims that Mr. Hinman was negligent in approving loans without providing adequate security for repayment, and that he breached his fiduciary duties.

Mr. Hinman has filed a third-party complaint against other members of the bank's board of directors and the loan and discount committee. He alleges that they are severally liable on the lending limit violation claim, and jointly and severally liable for any negligence or breach of fiduciary duty. Third-party defendants have moved to dismiss for failure to state a claim upon which relief can be granted. Mr. Hinman agrees that two third-party defendants, R.T. Anders and Victor R. Nottingham, should be dismissed from this action because they were not members of the board or any bank committee during the relevant time period. Mr. Hinman has also with-

drawn a claim for indemnification. He seeks only contribution.

The law regulating national banking associations limits the total loans and extensions of credit such an association may make to any person, association, or corporation. 12 U.S.C. § 84(a)(1) & (2). The total obligation may not exceed 10% of the capital stock and 10% of the unimpaired surplus. (An October 15, 1982 amendment to section 84 has changed the measure of lending limits from 10% to 15% of the unimpaired capital stock and unimpaired surplus of the association.) If the directors knowingly violate this or other provisions of the law, each director who participates in or assents to a violation may be held personally and individually liable for all damages to the banking association and its shareholders. 12 U.S.C. § 93(a). The bank claims that outstanding advances to the Richardson-related entities and the Envirojar-related entities continuously exceeded the bank's section 84 lending limits since August, 1978 and February, 1982.

■ The governing substantive law must provide a right of contribution as the basis for impleader of the third-party defendants. The third-party defendants assert that there is no statutory or contractual right to contribution in this case. The liability of directors under the banking statute has been held to be several and not joint. *Chesbrough v. Woodworth,* 195 F. 875, 880 (6th Cir.1912). A suit may be brought against one, all, or any number of the directors as the plaintiff chooses. *Gamble v. Brown,* 29 F.2d 366, 376 (4th Cir.1928), *cert. denied,* 279 U.S. 839, 49 S.Ct. 253, 73 L.Ed. 986 (1929). The third-party defendants argue that the bank's choice to bring this action only against Mr. Hinman should be conclusive.

■ While the banking statute has no explicit provision for contribution, the right is implied because the statute creates a common liability. Section 93(a) provides that "every director who participated in or assented to" a violation of the banking statute shall be liable for all damages. Contribution is an equitable doctrine based upon the principle of justice among the parties. This court concludes that fairness requires that a right of contribution exist in these circumstances when the third-party plaintiff is asserting that other directors and members of committees have a common liability for the bank's loss. To deny contribution and permit the bank to select which officers should be held liable would permit those with influence on the present board of directors to escape responsibility for their conduct.

■ The third-party defendants assert that neither Mr. Hinman nor the bank has alleged that any of the other directors knowingly violated § 84 of the statute. Section 93 holds liable "every director who participated in or assented to" the violation. Courts have construed the predecessor to the present statute to create liability when directors breach their duty to maintain a reasonable control over the affairs of the bank. Directors who fail to investigate excessive loans may be held responsible for the loss as having committed an intentional violation of the banking laws. *Corsicana Nat'l Bank v. Johnson,* 251 U.S. 68, 71–72, 40 S.Ct. 82, 84, 64 L.Ed. 141 (1919); *see also Atherton v. Anderson,* 99 F.2d 883, 887–90 (6th Cir.1938); *Gamble v. Brown,* 29 F.2d at 376. The scienter requirement of § 93 is only an awareness of facts that constitute a violation, not knowledge of the law itself. *Del Junco v. Conover,* 682 F.2d 1338, 1342 (9th Cir.1982), *cert. denied,* 459 U.S. 1146, 103 S.Ct. 786, 74 L.Ed.2d 993 (1983). Mr. Hinman has stated a claim for which relief can be granted by alleging that the other directors approved the excessive loans, and thus knowingly violated the banking statute.

■ Mr. Hinman also asserts a third-party claim for contribution for any liability under the state law claims. Although the Colorado courts have not yet applied the Colorado Uniform Contribution Among Tortfeasors Act, Colo.Rev.Stat. § 13–50.5–101—13–50.5–106 (1985 Supp.), to such a claim by one director against other directors, the statute has been applied in a

**1344**

negligence action. *See National Farmers Union Property & Casualty Co. v. Frackelton,* 662 P.2d 1056 (Colo.1983). The contribution statute does not apply, however, to Mr. Hinman's third-party claim based upon a "breach of trust or of other fiduciary obligation." Colo.Rev.Stat. § 13–50.5–102(7) (1985 Supp.). Thus, the third-party claim for contribution based upon breach of fiduciary duty should be dismissed.

The third-party defendants assert that even if Mr. Hinman and the third-party defendants share a common liability for the bank's loss, no claim for contribution accrues to a joint tortfeasor until there has been a judgment or a settlement of the claim. Thus, they assert that Mr. Hinman's claim is premature, relying on *Coniaris v. Vail Associates, Inc.,* 196 Colo. 392, 586 P.2d 224 (1978). *Coniaris* must be read in its context—where the court was determining the applicability of the contribution statute to a claim which arose before the law was in effect. The case does not apply to the present circumstances.

The Colorado Supreme Court has given further guidance on this issue. In *National Farmers Union Property & Casualty Co. v. Frackelton* the court examined the language of the Colorado contribution statute. The statute expressly provides that "where two or more persons become jointly or severally liable in tort, ... there is a right of contribution among them even though judgment has not been recovered against all or any of them." Colo.Rev.Stat. § 13–50.5–102(1) (1985 Supp.). The court determined that the statutory requirement that a person become "liable in tort" before the right to contribution could arise refers only to a person's exposure to a civil action and not to the existence of a final judgment in tort. 662 P.2d at 1063. A separate action may be brought to enforce a right of contribution "whether or not judgment has been entered in an action against two or more tort feasors." Colo.Rev.Stat. § 13–50.5–104(1) (1985 Supp.).

At issue in the present case is the third-party defendants' exposure to liability. No entry of judgment or settlement is necessary before Mr. Hinman may assert a right of contribution. Rule 14 allows a third-party claim against a person "who is or may be liable to him for all or part of plaintiff's claim against them." Fed.R. Civ.P. 14(a). Read together, the Colorado statute and the federal rule provide a right to assert a third-party claim for contribution under state law that is appropriate at this time.

Accordingly, it is

ORDERED that the third-party defendants' motion to dismiss the third-party complaint is denied as to all claims other than the claim for breach of fiduciary duty, which is dismissed, and it is

FURTHER ORDERED that third-party defendants R.T. Anders and Victor R. Nottingham are dismissed from this action.