Leona J. **PATTEN**, Plaintiff,

v.

Brian D. **KNUTZEN**, Defendant and Third-Party Plaintiff,

v.

Judith L. **LINDSTROM**, Third-Party Defendant.

Civ. A. No. 86–A–1263.

United States District Court, D. Colorado.

Oct. 16, 1986.

Charles H. Sandhouse, Sterling, Colo., for plaintiff.

Mike Hilgers, Arvada, Colo., for defendant and third-party plaintiff.

William J. Hunsaker, Nicholas Makris, Johnson, Makris, Hunsaker & Oldham, P.C., Denver, Colo., for third-party defendant.

## MEMORANDUM OPINION AND ORDER DENYING THIRD–PARTY DEFENDANT'S MOTION TO DISMISS THIRD–PARTY COMPLAINT

ARRAJ, District Judge.

This action is before me on third-party defendant Judith L. Lindstrom's motion to dismiss the third-party complaint. The parties have submitted briefs and other documentation in support of their respective positions on this motion, and I have heard oral argument on the issues. This memorandum will affirm and supplement my oral ruling made in open court on October 9, 1986.

### BACKGROUND

This case arises out of an automobile accident which occurred on March 12, 1981 in Logan County on Colorado Highway 61 one mile north of its intersection with County Road 12. The plaintiff, Leona J. Patten, was a passenger in the car driven by the third-party defendant, Judith L. Lindstrom. As Ms. Lindstrom's vehicle pulled out from a private drive onto northbound Highway 61, it was struck by a vehicle driven by the defendant and third-party plaintiff, Brian D. Knutzen.

On June 24, 1986, plaintiff filed the present action against defendant Brian D. Knutzen. The defendant subsequently filed a third-party complaint against Ms. Lindstrom for contribution pursuant to the Colorado Uniform Contribution Among Tortfeasors Act (UCATA), Colo.Rev.Stat. § 13–50.5–101 et seq. (Supp.1986). Ms. Lindstrom then filed this motion to dismiss the third-party complaint, arguing that under Colorado law a claim for contribution does not accrue until there is payment of a judgment or settlement between the plaintiff and the alleged tortfeasor seeking contribution.

### DISCUSSION

The right of Brian L. Knutzen to implead Ms. Lindstrom in an action seeking contribution is dependent in the first instance upon Colo.Rev.Stat. § 13–50.5–101 et seq. (Supp.1986). Prior to the passage of this Act, contribution among joint tortfeasors was not allowed. *Hamm v. Thompson*, 143 Colo. 298, 353 P.2d 73 (1960). Enactment of the UCATA in 1977 was designed to remedy this harsh common law rule.

Section 102(1) of the UCATA establishes a substantive right to contribution "where two or more persons become jointly or severally liable in tort for the same injury ... even though judgment has not been recovered against all or any of them." Colo. Rev.Stat. § 13–50.5–102(1) (Supp.1986); *Greer v. Intercole Automation, Inc.*, 553 F.Supp. 275, 276 (D.Colo.1982).

By enacting the UCATA, the Colorado Legislature intended to establish a policy of responsibility related to proportionate fault in the context of personal injury litigation. Therefore, under the UCATA joint tortfeasors are now subject to contribution among themselves based

upon relative degrees of fault. This principle represents a rational and equitable approach to the problem of allocating ultimate responsibility between or among joint tortfeasors for the payment of damages. *Brochner v. Western Insurance Co.*, 724 P.2d 1293 (Colo., 1986).

■ Turning now to the issue of whether contribution under the UCATA may be properly sought under Fed.R.Civ.P. 14(a), this court notes at the outset that Rule 14 is purely procedural, and creates no substantive rights. Thus, unless there is some substantive basis for the third-party plaintiff's claim for contribution, he cannot utilize the procedure of Rule 14. However, where there is a basis for such a claim, Rule 14 expedites the presentation, and in some cases accelerates the accrual of such a right. 3 *Moore's Federal Practice* ¶ 14.-03[1] at p. 14–18 (2nd Ed.1985).

■ The general purpose of Rule 14 is to settle related matters in one litigation as far as possible and obtain consistent results from identical or similar evidence, thus preventing a duplication of effort for the courts and serving the interests of judicial economy, convenience and fairness to the parties. *Stiber v. United States*, 60 F.R.D. 668, 670–671 (E.D.Pa.1973); 3 *Moore's Federal Practice* ¶ 14.04 at p. 14–26 (2nd Ed.1985). Therefore, if the governing substantive law recognizes a right of contribution, impleader under Rule 14 is a proper procedure by which to seek relief from joint tortfeasors. *Ragusa v. City of Streator*, 95 F.R.D. 527, 528 (N.D.Ill.1982); 6 Wright & Miller, *Federal Practice and Procedure* § 1448 at p. 263 (1971).

The third-party defendant argues that the third-party complaint in this case is premature, since under Colorado law a claim for contribution does not accrue until there is a judgment or settlement against the original defendant. In support of this assertion, the third-party defendant cites *Coniaris v. Vail Associates, Inc.*, 196 Colo. 392, 586 P.2d 224, 225 (1978). This case dealt with the issue of whether the UCATA applied to a settlement made after the effective date of the Act when the settled case arose from an injury occurring before the effective date of the Act. In holding that the UCATA applied to cases where the settlement occurred after the Act's effective date, the Colorado Supreme Court stated:

> [No] cause of action accrues to a joint tortfeasor until there has been a judgment against him or a settlement of the claim. A claim for contribution is an action separate and distinct from the underlying tort. The rights and obligations of the tortfeasors flow, not from the tort, but from the judgment or settlement itself.

*Id.* 586 P.2d at 225; *see also Kelly v. Mid-Century Insurance Co.*, 695 P.2d 752 (Colo.App.1984) (holding that it was improper for the trial court to finalize a judgment of dismissal of a third-party complaint for contribution prior to resolution of the issues in the primary action).

■ *Coniaris* is not controlling in the present case. *Coniaris* dealt only with the issue of whether a settlement was an "event" occurring after the effective date of the Act, and not with the accrual of a substantive right of contribution for the purposes of impleader. A more persuasive case on this issue is *National Farmers Union Property and Casualty Co. v. Frackelton*, 662 P.2d 1056 (Colo.1983). In *Frackelton*, the Colorado Supreme Court reversed the holding of the court of appeals that an entry of judgment is necessary before the right of contribution accrues. The court noted that under the UCATA contribution can be sought when "two or more persons become jointly or severally *liable in tort* for the same injury to person or property ... even though judgment has not been recovered against all or any of them." (Emphasis added). The language "liable in tort" was interpreted by the court to refer to a person's *exposure to a civil action*, and not to the existence of final judgment in tort. *Id.* at 1063. The court went on to state:

> The court of appeals also held that an entry of judgment is necessary before the right of contribution accrues. As

stated above, the statute only requires that a person become "liable in tort" before the right of contribution arises. The right to collect contribution, of course, depends on a binding and final determination of fault among joint tortfeasors. *That judgment may be obtained in the initial lawsuit by asserting a claim of contribution or in a separate action.*

*Id.* (Emphasis added). Based on the court's discussion in *Frackelton,* this court concludes that under Colorado law a substantive right of contribution is recognized before a judgment is entered in a case. This right of contribution having been recognized under Colorado law, whether the right may be asserted in a federal court by one joint tortfeasor against another by way of a third-party complaint is a procedural matter which is governed by Fed.R.Civ.P. 14(a). *ICI America, Inc. v. Martin-Marietta Corp.,* 368 F.Supp. 1148, 1150 (D.Del. 1974); *Berger v. Winer Sportswear, Inc.,* 394 F.Supp. 1110, 1117 (S.D.N.Y.1975).

> Where the applicable state law permits contribution among joint tort-feasors regardless of whether plaintiff has sued them all in the first instance, it is clear that defendant can bring in other joint tort-feasors in order to enforce his claim for contribution. The fact that contribution may not actually be obtained until the original defendant has been cast in judgment and has paid does not prevent impleader; the impleader judgment may be so fashioned as to protect the rights of the other tort-feasors, so that defendant's judgment over against them may not be enforced until the defendant has paid plaintiff's judgment or more than his proportionate share, whichever the law may require.

3 *Moore's Federal Practice,* ¶ 14.11 at pp. 14–67 to 14–68 (2nd Ed.1985). *See also Markvicka v. Brodhead-Garrett Co.,* 76 F.R.D. 205, 207 (D.Neb.1977). Therefore, Ms. Lindstrom may be sued in this action as a third-party defendant.

Moreover, it would not change this holding if Colorado substantive law did not recognize a right to contribution until the original defendant had actually paid the judgment. Any judgment on the third-party claim does not become enforceable until after the common liability has been discharged by the original defendant. Impleader under Rule 14 merely accelerates the determination of liability and does not have the effect of enlarging any substantive rights. 6 Wright and Miller, *Federal Practice and Procedure,* § 1448 at pp. 264–265 (1971); *Huggins v. Graves,* 210 F.Supp. 98, 104–105 (E.D.Tenn.1962), affirmed 377 F.2d 486 (6th Cir.1964).

The use of Rule 14 to seek relief from joint tortfeasors is particularly appropriate in Colorado, where the interrelationship between comparative fault and contribution among tortfeasors raises the possibility of inconsistent findings and duplication of effort regarding the tortfeasor's relative degrees of fault, since in a subsequent action for contribution a tortfeasor cannot be bound by the jury's findings of relative fault in a prior action to which he was not a party. *National Farmers Union Property and Casualty Co. v. Frackelton, supra* at 1063. Indeed, the Colorado Supreme Court has recognized the use of impleader as one method of preventing such problems:

> The interrelationship between comparative negligence and contribution among tortfeasors raises many difficult issues, especially when the number of parties involved in a suit increases. Fortunately, most theoretical multiple party problems can be resolved simply by joinder of potential tortfeasors and resolution of contribution issues in the initial cause of action. *For example, in this case San Miguel could have prevented the ensuing controversy by impleading Frackelton as a third-party defendant.*

*Id.* at 1064 (Emphasis added). For the reasons stated above, this court holds that third-party plaintiff Brian K. Knutzen's right of contribution against third-party defendant Judith L. Lindstrom can properly be invoked through the impleader mechanism contained in Fed.R.Civ.P. 14(a).

Accordingly, it is

ORDERED that third-party defendant's motion to dismiss the third-party complaint is hereby denied.