Charles BUTZ, Jr., Plaintiff,

v.

Jack A. WERNER, Defendant and Appellee,

World Wide, Inc., a Minnesota Corporation, and Cass Oil Co., a North Dakota Corporation, Defendants and Appellants.

Civ. No. 900258.

Supreme Court of North Dakota.

May 21, 1991.

LaRoy Baird III (argued), Bismarck, for defendant and appellee.

Cahill, Maring & Marquart, Moorhead, Minn., for defendants and appellants, argued by Steven J. Cahill.

GIERKE, Justice.

World Wide, Inc. [World] and Cass Oil Co. [Cass] appeal from a district court judgment and order denying their motion for an order entering judgment against Jack Werner for contribution towards damages awarded to Charles Butz, Jr. We affirm.

Butz was severely injured in 1984 while riding a "Super Tube" which was sold and distributed by World and Cass. Werner was driving the boat when Butz slammed into a boat which was sitting partially in the water and partially on the shore. As a result, Butz sustained serious injuries.

Butz sued Werner, World and Cass on theories of negligence, strict products liability, and breach of warranty. The jury found for Butz on the strict liability theory, found that all four parties were negligent under the negligence theory and found no breach of warranty. On the strict liability theory, the jury assessed fault as follows: World—37½%, Cass—37½%, Werner—0%, Butz—25%. On the negligence theory, fault was assessed as follows: World—25%, Cass—25%, Werner—15%, Butz—35%.

The trial court entered judgment on the strict liability claim and dismissed the negligence and breach of warranty claims. World and Cass appealed and we affirmed. *Butz v. Werner,* 438 N.W.2d 509 (N.D. 1989) [Butz I].

After the decision in *Butz I,* World and Cass moved the district court for its order directing entry of judgment for contribution against defendant Jack Werner in the sum of $100,000 plus taxable costs and disbursements based upon their cross-claims against Werner which were grounded in negligence.

World and Cass argue that Butz's election to recover under his strict liability claim does not bind World or Cass with regard to their pursuit of their cross-claims against Werner. World and Cass argue that they have paid more than their fair share to Butz and have discharged a debt which is in part that of Werner's.

Many of the states which have adopted a version of Uniform Contribution Among Tort-feasors Act, of which North Dakota is one, have held that a common theory of recovery, (all defendants liable to plaintiff for negligence or all defendants strictly liable) is not a prerequisite to contribution. *Svetz for Svetz v. Land Tool Co.,* 355 Pa. Super. 230, 513 A.2d 403, 409 (1986); *White v. McKenzie Electric Cooperative, Inc.,* 225 F.Supp. 940 (D.N.D.1964) (applying North Dakota law).

█ Contribution is available whenever two or more persons become jointly or severally liable in tort. Section 32–38–01, N.D.C.C. However, in determining the right of a tort-feasor to contribution in a comparative negligence action, the pro rata shares of the common liability are to be determined in proportion to the percentage of negligence attributable to each tort-feasor under Section 9–10–07, N.D.C.C. *Bartels v. City of Williston,* 276 N.W.2d 113 (N.D.1979).

█ A claim for contribution is a separate and distinct action from the underly-

ing tort. The rights and obligations of the tort-feasors flow, not from the tort, but from the judgment or settlement itself. *Coniaris v. Vail Associates, Inc.*, 196 Colo. 392, 586 P.2d 224 (1978). The very essence of the action of contribution is common liability. It is the joint liability that determines the right of contribution. *Horton by Horton v. Orbeth, Inc.*, 342 N.W.2d 112 (Minn.1984).

Any right which World and Cass might have to recover contribution from Werner must be based on a common liability on the part of Werner, World and Cass to the injured Butz.

> "The essence of the action for contribution is common liability to the injured person, not liability for common negligence, or similar negligence, or like negligence.
>
> Simply stated, common liability means that each party, by reason of his wrongful act, is made legally liable to respond in damages to the injured party."

*White v. McKenzie Electric Cooperative, Inc., supra,* citing *Chicago, Rock Island & Pacific Railroad Co. v. Chicago & Northwestern Railway Co.*, 280 F.2d 110, 115 (8 Cir., 1960).

■ Although contribution is an equitable doctrine, the doctrine requires only that persons under a common burden share that burden equitably. *Spitzack v. Schumacher,* 308 Minn. 143, 241 N.W.2d 641 (1976).

■ In the present case Werner, World and Cass are not under a common burden of liability. Even though the jury found Werner to be somewhat negligent, it was not sufficient to impose liability to Butz. Further, the negligence claim was ultimately dismissed. Finally, the jury found 0% fault against Werner on the strict liability claim.

Since there is no common liability existing on the part of Werner, World and Cass in favor of the injured Butz, World and Cass are not entitled to contribution from Werner.

We affirm.

ERICKSTAD, C.J., and MESCHKE and VANDE WALLE, JJ., concur.

LEVINE, Justice, concurring specially.

In *Butz v. Werner*, 438 N.W.2d 509 (N.D. 1989), I expressed my dissenting view that only one failure-to-warn theory should be submitted to the jury. Had that been done and had Werner been deemed blameworthy, the appellants may have been entitled to contribution. However, the majority view prevailed and so we are faced with the issue at hand.

The appellants, while acknowledging that Chapter 32–03.2, NDCC, is not controlling, urge that we nonetheless apply it because it reflects the public policy that each defendant at fault pay its pro rata share whether that fault is greater than plaintiff's or not. NDCC §§ 32–03.2–02 and 32–03.2–03. The problem I have with this argument is my uncertainty that, if the case had been submitted to the jury under the new legislation's theory of pure comparative fault, the jury may not have assessed any fault to Werner, or may have allocated to him a different quantum of fault. It is simply too hypothetical a factual proposition to conclude that the fifteen percent negligence attributed to Werner under the law of the case would have remained the same under different law. Accordingly, I agree that, under the law of the case, there is no common liability and thus, there can be no contribution.