13 F.3d 404
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gurpreet K. ATWALL, Plaintiff,
v.
STIFEL, NICOLAUS & COMPANY, INC., A Missouri corporation,
Defendant-Third-Party-Plaintiff-Appellee,
Frank Lester, an individual, Defendant-Third-Party-Plaintiff,
v.
Mike K. Lulla, Third-Party-Defendant-Appellant.
 No. 91-6382.
 United States Court of Appeals,
Tenth Circuit.
 Dec. 20, 1993.
 
 1
 Before ANDERSON and EBEL, Circuit Judges, and WINDER,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Third-party defendant/appellant Mike K. Lulla appeals from a judgment in favor of third-party plaintiff/appellee Stifel, Nicolaus & Company, Inc., and from an order denying his motion for relief from that judgment. Lulla claims Stifel is not entitled to contribution under Oklahoma's contribution statute, Okla. Stat. tit. 12, 832. We disagree and affirm.
 
 
 4
 Gurpreet Atwall's husband was killed in an automobile accident in 1987. Lulla, an insurance agent and friend of Atwall's, told Atwall that Frank Lester, an account executive with Stifel, could invest $200,000 of Atwall's funds for one year and earn $2,000 per month thereafter. Atwall withdrew four checks for $50,000 each payable to Stifel. Atwall's name was typed on the face of three of the checks as the remitter. She delivered the checks to Lulla who delivered them to Lester. Stifel then opened an account in Lulla's name with funds from the four checks. Neither Stifel nor Lester communicated with Atwall concerning the opening of the account. All communications about the account were transmitted to Lulla.
 
 
 5
 Lulla, not Stifel, made eleven $2,000 payments to Atwall. In May 1990, Lulla informed Atwall that the money was gone. Atwall claimed she learned at that point that the account had been opened in Lulla's name.
 
 
 6
 Atwall brought an action against Stifel and Lester but not Lulla, asserting a federal securities law claim as well as pendent state claims including conversion and breach of fiduciary duty. They, in turn, commenced a third-party action against Lulla, seeking recovery under theories of common law indemnity, negligence, constructive and actual fraud, and breach of fiduciary duty. They also requested recovery against Lulla in an amount equal to any recovery Atwall obtained against them.
 
 
 7
 Atwall moved for partial summary judgment on her conversion claim. The district court concluded as a matter of law that Stifel and Lester converted Atwall's funds and that her damages were $178,000 ($200,000 less the $22,000 she had received over eleven months). However, it denied summary judgment on the claim because of disputed issues of fact concerning whether Atwall commenced her action within the two-year statute of limitations.
 
 
 8
 Atwall filed a subsequent motion for partial summary judgment on her breach of fiduciary duty claim. The district court concluded that Stifel owed Atwall a fiduciary duty which Stifel breached, and assessed damages at $178,000.
 
 
 9
 The parties proceeded to trial on the remaining issues. Lulla was unrepresented and raised none of the issues during trial that he raises on appeal. The jury found in Atwall's favor on the statute of limitations issue, awarded punitive damages against Stifel and Lester, found in favor of Stifel but against Lester on their third-party claim against Lulla, and awarded Stifel $150,000 damages. Judgment was entered in favor of Atwall and against Stifel and Lester jointly and severally for $178,000 actual damages as well as for punitive damages, and against Lulla for $150,000 on Stifel's third-party claim.
 
 
 10
 Lulla then obtained counsel and filed a Fed.R.Civ.P. 60(b) motion for relief from the judgment, claiming that Stifel had no right to contribution under sections 832.C and G. The district court disagreed and denied the motion.
 
 
 11
 Lulla filed a second Rule 60(b) motion, arguing the judgment was incorrect as it did not make clear that Lulla's liability to Stifel was premised on Stifel's liability to Atwall. The district court concluded that it was without jurisdiction to grant the motion due to the pendency of an appeal, but would, with this court's permission, amend the judgment to provide that Lulla's liability to Stifel is conditioned upon Atwall holding a valid, executable judgment against Stifel for at least $150,000.[2] Stifle subsequently settled with Atwall.
 
 
 12
 Contribution was not allowed at common law, the rationale being that the law would aid neither of two guilty parties. National Union Fire Ins. Co. v. A.A.R. Western Skyways, Inc., 784 P.2d 52, 57 (Okla.1989). The Oklahoma legislature concluded that justice was better served by allowing for contribution among tortfeasors and, in 1978, adopted section 832 from the Uniform Contribution Among Tortfeasors Act, 12 U.L.A. 57 (1939) and 12 U.L.A. 63 (1955 revised act)(Act). Id. The Act's purpose is to provide proportionate allocation of the burden among multiple tortfeasors, and it should be construed accordingly. Id.
 
 
 13
 Lulla contends that the district court should not have submitted the contribution claim to the jury because of section 832.G, which provides: "This act shall not apply to breaches of trust or of other fiduciary obligation." He did not raise this argument in the district court until his first Rule 60(b) motion, the ground for which was that it was an error of law to submit to the jury the issue of Lulla's liability to Stifel. We review denial of a Rule 60(b) motion for abuse of discretion. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n.7 (1978). "Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th Cir.1990).
 
 
 14
 The parties agree that under section 832.G, Stifel is not entitled to contribution on the breach of fiduciary duty claim. Lulla argues that permitting Stifel contribution on the conversion claim would circumvent section 832.G because Stifel is liable on the conversion claim for the same damages for which it is liable on the breach of fiduciary duty claim. Stifel responds that the conversion claim is separate from the breach of fiduciary claim and therefore not affected by section 832.G.
 
 
 15
 We have found no authority directly addressing this issue. However, the Commissioner's Comment to section 1(g) of the 1955 version of the Act, on which section 832.G is based, provides some assistance. It states the intent behind this provision is to prevent the Act from extending to "liabilities arising out of breaches of fiduciary relationships." 12 U.L.A. 66 (1955 revised act).
 
 
 16
 In Buchbinder v. Register, 634 F.2d 327 (6th Cir.1980), a claim was made for breach of fiduciary duty based on an accounting firm's participation in a scheme to defraud a trust beneficiary. The court held that contribution was not available on that claim. Id. at 330. The appellant nevertheless maintained that recovery should be permitted under Tennessee's version of the Act for a separate claim for conversion. Relying on the Commissioner's Comment, the court concluded that even if conversion were a separate basis for liability, "it nonetheless, arises out of the breach of the fiduciary relationship and therefore cannot be a basis for recovery under the Act." Id.
 
 
 17
 The Michigan Court of Appeals also relied on the Commissioner's Comment to hold Michigan's version of the Act inapplicable to claims for misappropriating and diverting funds, and for filing false claims with one's employer, noting that these acts violated a fiduciary duty. Fidelity & Deposit Co. v. Newman, 311 N.W.2d 821, 823 (Mich. Ct.App.1981).
 
 
 18
 In contrast, Cache National Bank v. Hinman, 626 F.Supp. 1341 (D. Colo.1986), involved both negligence and breach of fiduciary duty claims against the third-party plaintiff arising out of the same or closely related conduct. The third-party defendants moved to dismiss the third-party plaintiff's contribution claim for failure to state a claim. The district court held that Colorado's version of section 1(g) of the Act, Colo.Rev.Stat. 13-50.5-102(7), did not allow contribution on the breach of fiduciary duty claim but did allow it on the negligence claim. Id. at 1343-44. The district court did not rely on the Commissioner's Comment or apply an "arising out of" test to the negligence claim but rather relied on the fact that National Farmers Union Property & Casualty Co. v. Frackelton, 662 P.2d 1056 (Colo.1983), applied Colorado's version of the Act to a negligence claim. Cache National Bank, 626 F.Supp. at 1343-44.
 
 
 19
 The Oklahoma courts have not yet addressed the circumstances under which section 832.G would bar contribution on a claim other than one specifically denominated "breach of fiduciary duty," and the limited case law from other jurisdictions indicates the issue is unsettled. Thus, the district court's denial of the Rule 60(b) motion, insofar as it was premised on section 832.G, was not an abuse of discretion.
 
 
 20
 Lulla next contends that Stifel is not entitled to contribution on the conversion claim under section 832.C which provides: "There is no right of contribution in favor of any tort-feasor who has intentionally caused or contributed to the injury or wrongful death." Lulla does not take issue with Stifel's assertion that intent is not a necessary element of conversion, but contends that we should infer from the jury's award of punitive damages against Stifel that it found Stifel acted intentionally in converting Atwall's funds. Again, because Lulla did not raise this issue in the district court until his Rule 60(b) motion, we review for abuse of discretion.
 
 
 21
 The district court instructed the jury that it could award punitive damages for fraud, gross negligence, and/or reckless and wanton disregard of Atwall's rights. It defined "willful and wanton conduct" as "a course of action which shows an actual or deliberate intention to injure or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others." Appellant's App. at 21 (emphasis added). Lulla did not object to this instruction at trial, and maintains on appeal that it was a correct statement of the standard for punitive damages under Oklahoma law.
 
 
 22
 Section 1(c) of the Act provides the option of denying contribution for willful, wanton, and intentional conduct, or for intentional conduct only. 12 U.L.A. 63 (1955 revised act). Oklahoma chose the latter. The jury instruction was sufficiently broad to allow the jury to award punitive damages for conduct not within the ambit of section 832.C, limited as it is to intentional conduct only.[3] See Dykes v. Raymark Indus., Inc., 801 F.2d 810, 814 (6th Cir.1986), cert. denied, 481 U.S. 1038 (1987). The district court's denial of the Rule 60(b) motion, insofar as it was premised on section 832.C, was not an abuse of discretion.
 
 
 23
 Lulla's next contention is that the jury verdict on Stifel's third-party claim against him was defective because it was not based upon the proportionate fault of Stifel, Lester, and Lulla, as required by National Union Fire Insurance Co., 784 P.2d at 57. The verdict question, to which Lulla did not object, asked, "Do you find for or against defendants on their claim against Mike K. Lulla?" Appellant's App. at 39. If the jury found against Lulla, it was asked to make a specific award of damages up to $178,000. The jury found in favor of Stifel and against Lulla and awarded $150,000.
 
 
 24
 Because Lulla did not raise this issue in the district court, we review for plain error. See United States v. McDonald, 933 F.2d 1519, 1524 (10th Cir.), cert. denied, 112 S.Ct. 270 (1991)(review for plain error if no objection made at time of alleged error). Plain error, especially in civil cases, is rare and will be found only to prevent a clear miscarriage of justice. Polys v. Trans-Colorado Airlines, Inc., 941 F.2d 1404, 1408 n.5 (10th Cir.1991). We only review if the error is "patently plainly erroneous and prejudicial." See Aspen Highlands Skiing Corp. v. Aspen Skiing Co., 738 F.2d 1509, 1516 (10th Cir.1984), aff'd, 472 U.S. 585 (1985).
 
 
 25
 Section 832.B provides: "The right of contribution exists only in favor of a tort-feasor who has paid more than his pro rata share of the common liability, and his total recovery is limited to the amount paid by him in excess of his pro rata share. No tort-feasor is compelled to make contribution beyond his own pro rata share of the entire liability." This provision was interpreted in National Union Fire Insurance Co., 784 P.2d at 57, to mean that contribution is to be apportioned according to each tortfeasor's degree of fault, rather than apportioned equally regardless of degree of fault.
 
 
 26
 The jury's $150,000 award against Lulla was a determination that Lulla was responsible for 150/178ths of Stifel's liability for actual (but not punitive) damages. Contrary to Lulla's contention, therefore, the verdict is consistent with the rule of National Union Fire Insurance Co., id., that contribution not be apportioned equally regardless of fault.
 
 
 27
 The next contention is that the contribution claim should not have been submitted to the jury because Lulla was not jointly or severally liable for the same injury to Atwall. Section 832.A provides: "When two or more persons become jointly or severally liable in tort for the same injury ... there is a right of contribution among them...." Lulla maintains that the requirements of this section were not met because there has been no finding that he is liable to Atwall for the same injury as Stifel. However, Lulla earlier conceded in his brief that his status vis-a-vis Stifel was that of a joint or concurrent tortfeasor "because Stifel's claim was that Lulla's negligence toward Stifel caused the injury to Atwall for which Atwall had sued Stifel. That [sic] fact that Lulla was not sued by Atwall ... does not preclude Lulla being a joint tortfeasor." Appellant's Br. at 14. We find no plain error.
 
 
 28
 Lulla argues that Atwall's dismissal of her claims against Stifel eradicated Stifel's claim against Lulla for contribution because that claim was based on Stifel's liability to Atwall. While the stipulation for dismissal resolved Stifel's liability to Atwall, it specifically provided that Stifel reserved all claims against Lulla. Lulla cited no authority supporting his argument that we should disregard this provision of the stipulation. We therefore reject his contention.
 
 
 29
 Lulla also claims that under section 832.D, Stifel is not entitled to contribution from Lulla because it entered a settlement with Atwall that did not release him from liability. This section provides: "A tort-feasor who enters into a settlement with a claimant is not entitled to recover contribution from another tort-feasor whose liability for the injury ... is not extinguished by the settlement...." The intent of this section is that a tortfeasor who discharges the entire obligation should be permitted to obtain contribution from the tortfeasors whose liability he has discharged. National Union Fire Ins. Co., 784 P.2d at 58. No contribution exists, however, if the entire liability has not been discharged. Id.
 
 
 30
 In Oklahoma, satisfaction of a judgment against one joint tortfeasor bars a judgment against the other tortfeasors. Brigance v. Velvet Dove Restaurant, 756 P.2d 1232, 1234 (Okla. 1988).[4] This is true even if the injured party sues only one of the wrongdoers and demands only part of the damage suffered. Id.
 
 
 31
 Atwall filed a release and satisfaction of judgment stating that she received an undisclosed sum "in full payment and satisfaction of the judgment rendered" against Stifel. Appellee's App. at 21. Lulla's liability to Atwall has been extinguished by the satisfaction. Section 832.D does not preclude Stifel's claim for contribution.
 
 
 32
 In light of our disposition of these issues we need not address whether Stifel is entitled to contribution under the common law, or whether the district court's judgment should be upheld on alternative grounds.
 
 
 33
 The district court is directed to amend the judgment as set forth in its February 10, 1992, order and certification. The judgment, as amended, and the order of the United States District Court for the Western District of Oklahoma are AFFIRMED.
 
 
 
 **
 Honorable David K. Winder, Chief Judge, United States District Court for the District of Utah, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Stifel does not object to Lulla's request to order the district court to amend the judgment as recommended by the district court. We grant the request
 
 
 [3]
 Oklahoma law provides that a plaintiff may recover punitive damages "where the defendant has been guilty of conduct evincing a wanton or reckless disregard for the rights of another, oppression, fraud or malice, actual or presumed." Okla. Stat. tit. 23, 9.A. Punitive damages may be awarded where the proof shows some element of fraud, oppression, or actual malice which is actuated by or accompanied with some evil intent; is the result of such gross negligence or disregard for another's rights as is deemed equivalent of such intent; or, where there is no direct evidence of fraud, actual malice or gross negligence, there is such reckless and wanton disregard of another's rights that malice and evil intent may be inferred. Hamilton v. Amwar Petroleum Co., 769 P.2d 146, 149 (Okla.1989). Whether the jury instruction correctly stated Oklahoma law is not before us
 
 
 [4]
 Section 3(e) of the Act, 12 U.L.A. 89 (1955 revised act), provides: "The recovery of a judgment for an injury or wrongful death against one tortfeasor does not of itself discharge the other tortfeasors from liability for the injury or wrongful death unless the judgment is satisfied. The satisfaction of the judgment does not impair any right of contribution." (Emphasis added). That Oklahoma did not adopt this provision of the Act does not affect our conclusion, in light of existing Oklahoma law